**Sam MACK and Wilma Mack, Plaintiffs,**

v.

**UNITED STATES of America, POSTAL SERVICE, Defendant.**

Civ. A. No. 6–70150.

United States District Court,
E. D. Michigan, S. D.

June 7, 1976.

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

While plaintiff sent two repair estimates (amounting to $517.93 and $553.93, respectively) for the damage to his car, which were received by defendant on April 10, 1973, he did not execute and return Standard Form 95 (Claim for Damage or Injury) with regard to his alleged damages until January 23, 1976.

Defendant contends that no claim was presented to it within the meaning of the statute until the SF 95 was returned, at which time the two-year period of 28 U.S.C. § 2401(b) had expired.

What constitutes a claim for purposes of § 2675(a) is specified in 39 C.F.R. § 912.5 as follows:

For purposes of this part, a claim shall be deemed to have been presented when the U. S. Postal Service receives from a claimant . . . an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

▮ Defendant relies upon *Melo v. United States,* 505 F.2d 1026 (8th Cir. 1974), where it was held that a letter from the plaintiff's attorney advising the Post Office Department of a collision did not constitute a claim under § 2675(a) because it failed "to state the nature of plaintiff's injuries and the dollar amount claimed therefore." 505 F.2d at 1029. *Melo* cannot be understood to require that a claim be submitted on SF 95; indeed, the regulation quoted above recog-

Richard B. Kepes, Provizer, Eisenberg & Kepes, P. C., Southfield, Mich., for plaintiffs.

Ralph B. Guy, Jr., U. S. Atty., by Gwenn L. Carr, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Sam Mack filed this action for personal injuries and damage to his Cadillac, allegedly arising out of a collision on January 27, 1973 with a mail truck negligently operated by an employee of defendant United States Postal Service acting within the scope of his employment. Defendant moves to dismiss on the grounds that plaintiff has failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a), and that the action is barred by the statute of limitations as set forth in 28 U.S.C. § 2401(b).

The exhaustion requirement is stated in 28 U.S.C. § 2675(a) as follows:

nizes "other written notification of an incident." Plaintiff argues that the car repair estimate constituted such written notification, and, moreover, complied with the *Melo* court's mandate that the nature of the injuries and the claimed dollar amount be specified. Since the estimates are different, plaintiff states that "the sum certain would obviously be the lesser figure of the two, namely $517.93." Plaintiff's Reply to Second Supplemental Memorandum in Support of Defendant's Motion to Dismiss, filed April 23, 1976, at 2. The court agrees with this contention. The estimates submitted by plaintiff were adequate to give defendant notice of the nature and extent of the property damage claimed. Defendant's insistence upon receipt of a properly executed SF 95 before taking further action is neither necessary to the purpose of § 2675(a) nor even required by defendant's own regulation. While it is true that the estimates alone would not constitute a complete record for purposes of deciding plaintiff's claim, they did provide sufficient notice of the nature of the damage to permit further administrative fact finding. The government does not contend that even the SF 95 would have obviated the need for further facts. In *Molinar v. United States,* 515 F.2d 246 (5th Cir. 1975), the court held that a letter from the claimant's attorney "making a demand for property damage and personal injury," and enclosing medical bills and car repair estimates, was sufficient to constitute a "claim" under § 2675(a). While the government argued that an SF 95 was required, the court disagreed:

> "We are persuaded that plaintiff here has complied with the procedure for filing a claim. The letter of October 19, 1971, included bills which totaled $1462.50. This was a 'sum certain.' The testimony at trial by the reviewing officer that 'the figures here simply [gave] me no basis on which . . . to take any action' cannot overcome the presentation made by the bills themselves."

515 F.2d at 249. *Cf. Ianni v. United States,* 457 F.2d 804 (6th Cir. 1972) (implying that if evidence had supported contention that "medical bills and reports" had been submitted, a proper claim would have been filed).

■ As to plaintiff's more substantial personal injury claims, on the other hand, no claim within the meaning of § 2675(a) was submitted until the SF 95 was returned on January 23, 1976. These claims must be dismissed for failure to comply with the two-year period prescribed in 28 U.S.C. § 2401(b).

Even as to the claim for property damage, an issue remains with regard to the statute of limitations. 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Since defendant took no action on plaintiff's claim, "notice of final denial of the claim" was never sent. Plaintiff relies upon the second sentence of 28 U.S.C. § 2675(a) as authority for the proposition that this action was timely filed:

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Plaintiff contends that the phrase "at the option of the claimant any time thereafter" gives the claimant the power to determine the date on which the unanswered claim shall be deemed denied for purposes of the six-month period for filing suit prescribed by § 2401(b).

■ This apparently presents an issue of first impression. It is evident that Congress intended to prescribe a period no longer than six months after agency denial of a claim for filing suit in federal court. Less clear is the congressional intent in cases where no notice of a final denial is mailed. While the second sentence of

§ 2675(a) provides for treating agency inaction for six months or more as a final denial, it is by its own terms limited to the "purposes of this section." Was it intended to apply to § 2401(b) as well? There is authority that section 2675(a) and 2401(b) are to be read together. See *Morano v. U. S. Naval Hospital*, 437 F.2d 1009, 1010 (3d Cir. 1971). If so, does the phrase "any time thereafter" permit the claimant to wait any reasonable period of time before deeming his claim denied and filing a federal lawsuit? While this interpretation may seem to be the equivalent of no limitation of action, it appears to be the most reasonable reading of the statutory scheme. The alternative of treating all unanswered claims as denied six months after they are filed and commencing the six-month period for filing suit under § 2401(b) at that time is far to harsh for the claimant whose faith in the administrative process leads him to wait more than six months for the resolution of his claim. If he waited a year for the agency to respond, he could never have his day in federal court. Furthermore, it is within the power of the agency to start the running of the six-month period at any time by sending a written notice of denial. When a claim is filed, the agency has been put on notice and it is not unreasonable that the limitation period should be tolled during the time the case is in its hands.

This construction is supported by the legislative history. Prior to the 1966 amendments, § 2675(b) provided in part:

> The claimant, however, may, upon fifteen days written notice, withdraw such claim from consideration of the federal agency and commence action thereon.

The pre-1966 version of § 2401(b) provided in part:

> If a claim not exceeding $2,500 has been presented in writing to the appropriate Federal agency within [two years], suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim.

Under this statutory scheme, the present action would not be time-barred provided plaintiff gave fifteen days written notice that the claim was withdrawn and filed suit within six months thereafter. The claim need not have been withdrawn six months after it was filed. Rather, no limit was placed upon the time during which a claimant could await administrative action after filing a claim. For example, in *Patitucci v. United States*, 178 F.Supp. 507 (E.D.Pa. 1959), a letter and repair estimates were sent to the Post Office Department shortly after claimant's alleged collision with a mail truck. A federal action was filed after waiting nearly three years for administrative resolution. The government moved to dismiss on the ground that the SF 95 was submitted more than two years after the accident, and that the letter and estimates did not constitute a "claim." The court denied the motion without prejudice (because it was not supported by verified papers), but stated in dictum:

> The requirement of filing a claim under Section 2401(b) makes the operation of the limitations statute unlike the usual statute of limitations. *It is not the mere passage of time which bars relief, but passage of time without the filing of a claim.* Accordingly, the Government must demonstrate that no claim was filed.

178 F.Supp. at 509 n. 6 (emphasis added).

If mere passage of time after filing an administrative claim did not bar an action under the pre-1966 statutes, were the 1966 amendments intended to effect a change? One effect of the amendment to § 2675 is to require a claimant to wait six months for administrative action prior to filing a federal complaint. *See Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974). Under the prior version, an administrative claim could be withdrawn fifteen days after it was filed, scarcely giving the agency time to act. *See, e. g., Rudd v. United States*, 233 F.Supp. 730, 732 (M.D.Ala.1964) (federal action permitted where claim withdrawn from Post Office Department 66 days after it was filed, despite expressed inability of

agency to process claim in time). One apparent purpose of the amendment was thus to increase the time during which a claimant must await agency disposition of his claim, thereby increasing the chances of administrative resolution and decreasing the burden on the federal courts. It would be contrary to this salutary purpose to penalize the claimant for waiting even longer than the required six months. Indeed, the prospect of such patience on the part of certain claimants was envisioned by the drafters:

> [I]f the agency fails to act in 6 months, the claimant may at his option elect to regard this inaction as a final denial and proceed to file suit. It is obvious that there will be some difficult tort claims that cannot be processed and evaluated in this 6-month period. The great bulk of them, however, should be ready for decision within this period. *In some cases where the agency does not reach a decision in 6 months, the claimant may feel that the agency is sincerely seeking to reach a fair decision. Under such circumstances, the claimant might wish not to break off negotiations and file suit.* Therefore even though this 6-month period may prove insufficient in some instances, the committee does not believe that this period ought to be enlarged to attempt to insure time for final decision on all claims.

Senate Report No. 1327, 1966 U.S.Code Cong. & Admin.News 2518–19. It was precisely because it was believed that some claimants *would* wait longer than six months that Congress did not make the required waiting-period even longer.

 In this case, the property damage claim was filed on April 10, 1973. Plaintiff waited nearly three years for the Postal Service to act on his claim before resorting to this court on January 23, 1976. While this may be viewed as an unusual exhibition of restraint, it may well be that the citizenry has grown inured to the need for patience where this particular federal agency is involved. In any event, the court finds that the six-month period of § 2401(b) was

tolled during the time the case was before the agency, and that this claim was timely filed insofar as it relates to the damage to plaintiff's car.

Accordingly, defendant's motion to dismiss is granted except as to the claim for property damage. An appropriate order may be submitted.