Sharon R. MILLER, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 83–2738.

United States Court of Appeals,
Seventh Circuit.

Argued May 18, 1984.

Decided Aug. 13, 1984.

As Amended Sept. 12, 1984.

Before CUDAHY and ESCHBACH, Circuit Judges, and PELL, Senior Circuit Judge.

ESCHBACH, Circuit Judge.

Plaintiff Sharon R. Miller brought this action against the United States pursuant to the Federal Tort Claims Act (the "Act"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* The district court dismissed for failure to timely file her claim. We reverse.

The facts of this case are not disputed. On May 16, 1980, a vehicle driven by Peter Avenatti collided with plaintiff's truck. At the time of the accident, Avenatti was engaged in his duties as a postman with the United States Postal Service (the "Postal Service"). On August 19, 1981, plaintiff sent the Postal Service a demand letter, signed by her attorney, for $40,000 in damages. The Postal Service responded on December 22, 1981, neither accepting nor rejecting the claim; it merely expressed an opinion that a private insurance policy on the vehicle operated by Avenatti covered liabilities of the United States.[1] On March 8, 1982, after more than six months had passed from the mailing of the demand letter, plaintiff filed an action against Avenatti and the Postal Service in federal court under the Act. She voluntarily dismissed this case on May 14, 1982, but on the same date filed another action under the Act in state court, naming only Avenatti as defendant. On June 7, 1982, the United States Attorney certified that Avenatti was acting within the scope of his employment as an employee of the United States and, pursuant to 28 U.S.C. § 2679(d),[2] the case was removed to federal court. The

Dennis H. Stark, Kesler & Stark, Terre Haute, Ind., for plaintiff-appellant.

B. Curtis Wilkinson, Patrick, Gabbert, Wilkinson, Goeller & Modesitt, Terre Haute, Ind., for defendant-appellee.

1. The letter stated, in relevant part:
   The vehicle operated by the postal employee, Peter Avenatti, was covered by an insurance policy, No. 1FAP–1320090069 issued by the United States Fidelity and Guaranty Company, (Foster & Messick, Managers) 191 Harding Street, Suite C, Terre Haute, Indiana 47807 (telephone 812–234–0721). It is our opinion that the United States is an additional insured under the terms of the policy, specifically "Persons Insured" which appears under Part 1—Liability. We understand that the company has paid your client's property dam-

   age and has made an offer with respect to her personal injuries. Therefore, we are referring your client's claim to the company for such action as they deem appropriate.
   You should hear from the insurance company in the near future, but if you find it necessary to make further inquiry, we suggest you contact the company and refer to Policy No. 1FAP–1320090069.

2. That section provides, in relevant part, that [U]pon a certification by the Attorney General that the defendant employee was acting with-

United States was added as a party defendant on November 24, 1982. Defendants then separately moved for dismissal on December 17, 1982. The district court granted Avenatti's motion on August 8, 1983, finding that the United States became the only proper party to the suit upon certification by the United States Attorney that Avenatti was acting within the scope of his employment.[3] On August 16, 1983, the court granted the Government's motion to dismiss, reasoning that it lacked subject matter jurisdiction because plaintiff failed to timely add the United States as a defendant. It is from this order that plaintiff appeals.

■■■■ The Act's statute of limitations imposes two time constraints on the filing of tort claims against the United States. First, a claimant must present a claim to the appropriate federal agency within two years of the date of its accrual. Second, a plaintiff must file a legal action, if at all, no more than six months after the federal agency mails its notice of final denial of the claim. *See* 28 U.S.C. § 2401(b).[4] Plaintiff satisfied the first of these requirements when she sent her demand letter to the Postal Service on August 19, 1981—well within two years of the May 16, 1980 accident. This filing tolled the statute of limitations until plaintiff's claim was finally denied. Whether she satisfied the second requirement is less obvious.

■■■■ The threshold question, which neither party addresses, is whether the Postal Service's letter of December 22, 1981 constitutes a notice of final denial. We conclude that it does not. The letter, on its face, never denies the claim; it merely recommends that plaintiff pursue her grievance with Avenatti's private insurance carrier. Nor does the record indicate that the Postal Service sent the communication by certified or registered mail, as required by the Act. *See, e.g.,* 28 U.S.C. §§ 2401(b), 2675(a). *Cf. Claremont Aircraft, Inc. v. United States,* 420 F.2d 896, 898 (9th Cir. 1969). Finally, the letter failed to include a "statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court ...", as required by the Postal Service's own administrative rules and regulations governing the issuance of final denials. 39 C.F.R. 912.9(a).

■■■■ But if a federal agency fails to finally dispose of a properly made claim within six months of its presentation, the claimant has the option to treat the inaction as a constructive final denial. 28 U.S.C. § 2675(a). Since the Postal Service never finally denied plaintiff's August 19, 1981 demand letter, she could exercise this option at any reasonable time after February 19, 1982. *Cf. Boyd v. United States,* 482 F.Supp. 1126 (W.D.Pa.1980); *Mack v. United States Postal Service,* 414 F.Supp. 504 (E.D.Mich.1976). This she did on March 8, 1982, when she filed her original complaint in federal court. Plaintiff then had six months to bring a lawsuit against the United States. 28 U.S.C. § 2401(b). Yet neither the original complaint, which plaintiff dismissed voluntarily, nor the subsequent state court complaint, filed on May 14,

in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto.
28 U.S.C. § 2679(d).

3. The Act provides that
[t]he remedy against the United States ... for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor

vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.
28 U.S.C. § 2679(b).
*See also McGowan v. Williams,* 623 F.2d 1239, 1242 (7th Cir.1980); *Uptagrafft v. United States,* 315 F.2d 200, 202 n. 1 (4th Cir.1963).

4. The district court apparently misread the statute of limitations, 28 U.S.C. § 2401(b), to require plaintiff to file her administrative claim within 6 months of its accrual, and her lawsuit within two years of the same.

1982, named the United States as a defendant. The Government argues that these omissions are fatal because plaintiff did not formally add the United States as a party defendant until November 24, 1982, more than six months after the March 8, 1982 filing. We disagree. Section 2679(d) of the Act specifically provides that a state court action against a government employee shall be "deemed a tort action brought against the United States under the provision of this title" upon certification and removal by the Attorney General. 28 U.S.C. § 2679(d). *See McGowan v. Williams,* 623 F.2d 1239, 1242 (7th Cir.1980); *Henderson v. United States,* 429 F.2d 588, 590 (10th Cir.1970). Since removal occurred on June 7, 1982, the United States became a proper party to the action long before the statute of limitations expired.[5]

Because plaintiff timely filed her complaint, the decision of the district court dismissing her tort claim against the United States is reversed and this cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

---

**5.** Because we have concluded that the Postal Service has never finally denied plaintiff's claim, and that she waited more than six months from the mailing of her demand letter before initiating any legal action, plaintiff did not file her lawsuit prematurely. *See* 28 U.S.C. § 2675(a).