**Thurman CONN, Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 88–5074.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 17, 1988.

Decided Feb. 9, 1989.

Jerry Anderson (argued), Lexington, Ky., Gary E. Conn, West Liberty, Ky., for Thurman Conn.

Robert E. Rawlins, Asst. U.S. Atty., Lawrence Ray Carmichael, Asst. U.S. Atty. (argued), Lexington, Ky., for U.S.

Before JONES and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

Thurman Conn appeals the district court's grant of the government's motion to dismiss his action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–80. Conn argues that the court improperly concluded that he had failed to exhaust his administrative remedy as is required by that statute. The United States contends that Conn did not properly present his claim to the administrative agency, a prerequisite to the filing of suit against the United States, and that Conn's claim is further barred by the statute of limitations. Because we hold that Conn's claim had been properly presented to the Bureau of Prisons and that his suit in United States District Court was not barred by the statute of limitations, 28 U.S.C. § 2401(b), we reverse the decision of the district court.[1]

On April 15, 1981, while serving time in federal prison in Kentucky, Thurman Conn was allegedly injured in a fight. On November 19, 1982, Conn's attorney, Buddy Salyer, filed a Standard Form 95 claim with the Bureau of Prisons (Bureau) alleging negligence on the part of the prison and seeking damages in the amount of $52,000. The claim stated in part:

> In late April, 1981, the claimant, who was designated a youth offender, was placed with adult prisoners. He was assulted [sic] and battered by an adult prisoner. Authorities at the institution failed to obtain proper medical treatment. Some three or four weeks later surgery was required to break and re-set facial fractures.

Salyer signed the form and in the space provided for the claimant's signature also typed: "Buddy R. Salyer, attorney for Thurman Conn." With the claim, Salyer also sent to the Bureau a letter stating that although he had signed the claim for Conn, if Conn's signature was required it would be provided upon request. On November 30, 1982, the Bureau informed Salyer that it would begin processing Conn's claim when either a written statement was provided indicating that Salyer was authorized to represent Conn or a Form 95 signed by Conn was provided. On December 8 and 17, 1982, respectively, Salyer requested a Form 95 and a blank form in which Salyer could indicate his authority. On December 20, 1982, the Bureau contacted Salyer's office by telephone and informed Salyer's secretary that no special form was required to indicate Salyer's agency. Salyer's secretary told the caller that a notarized power of attorney would be provided. The Bureau never received such a document and on June 16, 1983, informed Salyer by letter that since Conn's claim was not properly presented, no action would be taken on it. In the letter the Bureau stated:

> Due to the time lapse and your failure to comply with the provisions of 28 U.S.C. 2401(b) and 2672 and 28 C.F.R. § 14.2(a), we are closing our records in this matter with no action. Since the claim was not properly presented it is our determination that a claim was never filed pursuant to the requirements of the Federal Tort Claims Act and applicable regulations in Title 28, Code of Federal Regulations.

On April 1, 1987, Conn filed suit, with different counsel, in district court under the Federal Tort Claims Act for the injuries he sustained on April 15, 1981, alleging that he had exhausted all administrative remedies. The United States filed a motion

---

1. Since the record before the district court consisted in part of additional factual material filed by the government in support of its motion, the disposition appears to have been in reality a grant of summary judgment. In any event, the operative facts are not in dispute.

to dismiss alleging failure to exhaust administrative remedies and lack of subject matter jurisdiction due to the bar of the statute of limitations. On August 7, 1987, a magistrate's report recommended that the United States' motion to dismiss be granted because Conn had failed to exhaust his administrative remedy in that he had failed to present his claim to the Bureau as is required by 28 U.S.C. § 2675(a) and the regulations promulgated thereunder. On December 1, 1987, the district court adopted the magistrate's recommendation and dismissed Conn's action.

I. Conn's claim satisfied the presentment requirement of 28 U.S.C. § 2675(a).

The statutory presentment requirement which Conn must satisfy before his suit against the United States will be heard in court is contained in 28 U.S.C. § 2675(a) which provides, in pertinent part:

An action shall not be instituted upon a claim against the United States ... unless that claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

In elaborating on when a claim has been presented to an administrative agency pursuant to section 2675(a), 28 C.F.R. § 14.2(a) provides:

[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for ... personal injury ... alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied

by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

The Form 95 in which Conn's claim was presented to the Bureau was signed by Salyer as Conn's attorney but was not accompanied by any evidence substantiating Salyer's authority to file the claim on behalf of Conn. The information filed with the Bureau therefore did not satisfy the requirements of 28 C.F.R. § 14.2(a). However, this court in *Douglas v. United States*, 658 F.2d 445, 447–48 (6th Cir.1981), determined that the regulations in 28 C.F.R. §§ 14.1–14.11 "govern administrative settlement proceedings; they do not set federal jurisdictional prerequisites." By failing to comply with the regulations promulgated under 28 U.S.C. § 2672,[2] a claimant loses only "the opportunity to settle his or her claim outside the courts." *Douglas*, 658 F.2d at 448 (quoting *Adams v. United States*, 615 F.2d 284, 290 (5th Cir.1980)). *See also Knapp v. United States*, 844 F.2d 376, 379 (6th Cir.1988) (quoting this same language from *Adams* ); *Warren v. United States Dep't of Interior Bureau of Land Management*, 724 F.2d 776, 778 (9th Cir.1984) (en banc) ("We find the relevant statutes and their legislative histories reveal that Congress did not intend to treat regulations promulgated pursuant to section 2672 as jurisdictional prerequisites under section 2675(a).") (footnote omitted).

The *Douglas* court determined that presentment pursuant to section 2675 is satisfied where the claimant "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Douglas*, 658 F.2d at 447 (quoting *Adams*, 615 F.2d at 289). In a well-rea-

---

**2.** The regulations in 28 C.F.R. §§ 14.1–14.11 were promulgated pursuant to 28 U.S.C. § 2672 which provides, in part:

The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of

property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred....

soned opinion, the District of Columbia Circuit examined the presentment requirement of section 2675(a). *GAF Corp. v. United States*, 818 F.2d 901 (D.C.Cir.1987). In *GAF*, the court determined that "Congress did not impose on claimants the burden of substantiating their claims as part of the presentment process, it made a statutory precondition to filing suit." *Id.* at 919. The court concluded:

> The claimants have provided the court with notice sufficient to entitle them to a trial on the merits, and it is at that juncture, rather than as jurisdictional grounds, that the task of substantiating these claims in greater detail is appropriately imposed upon them.

*Id.* at 923. From these cases it is clear that if a claim is filed with the appropriate agency in a manner satisfying the two-prong test of *Douglas*, then the agency has been given sufficient notice and the presentment requirement of section 2675(a) has been satisfied.

This court in *Knapp* held that a claim similar to Conn's was sufficient in detail to enable a federal agency to make an independent investigation. *Knapp*, 844 F.2d at 380. *See also Martinez v. United States*, 728 F.2d 694, 696 (5th Cir.1984) ("notice of the skeletal facts of the claim [is] sufficient to enable the agency to investigate"); *Williams v. United States*, 693 F.2d 555, 557 (5th Cir.1982) ("no particular form or manner of giving such notice is required as long as the agency is somehow informed of the fact of and amount of the claim"); *Surratt v. United States*, 582 F.Supp. 692, 699 (N.D.Ill.1984) ("The form apprised the agency of the place, date, and time of the incident, identified the claim as relating to medical malpractice and identified the VA personnel alleged to have knowledge of the incident.").

 Although the Form 95 filed on behalf of Conn did not satisfy the regulation requiring documentation of the authority of the person filing on behalf of the claimant, this failure does not render the form

an ineffective presentment for purposes of 28 U.S.C. § 2675(a). *Accord Avila v. Immigration and Naturalization Serv.*, 731 F.2d 616 (9th Cir.1984) (holding that a claim filed by the claimant's father satisfied the section 2675(a) presentment requirement despite a lack of documentation of the father's authority to file on behalf of his son); *Warren*, 724 F.2d 776 (holding that presentment was sufficient despite the fact that the attorney who filed on behalf of the claimant failed to document his authority as required by the regulations); *Graves v. United States Coast Guard*, 692 F.2d 71 (9th Cir.1982) (holding that a claim filed by the claimant's attorney constituted sufficient presentment despite the lack of documentation of the attorney's authority).

In the present case, Conn clearly satisfied the second prong of the *Douglas* test. He placed a definite value on his claim. We also conclude that Conn satisfied the first prong of *Douglas* because he provided the Bureau of Prisons with written notice of his claim sufficient to enable it to investigate the claim. The Form 95 submitted by Salyer identified the nature of the claim, the underlying incident and the approximate date thereof, the parties involved, and the extent of the injury. The fact that documentation of Salyer's authority to file the claim on Conn's behalf was not also provided does not defeat the sufficiency of the notice provided by the filed claim. We therefore hold that the claim filed with the Bureau of Prisons on behalf of Conn satisfied the requirements of presentment for purposes of 28 U.S.C. § 2675(a) as outlined by this court in *Douglas*.

**II.** Conn's claim is not barred by the statute of limitations.[3]

The statutory period for filing claims against the United States is prescribed by 28 U.S.C. § 2401. That statute provides:

> (a) [E]very civil action commenced against the United States shall be barred unless the complaint is filed within six

---

**3.** The district court did not rule on the Bureau's alternative defense based on the statute of limi-

tations.

years after the right of action first accrues....

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Once a claim is presented pursuant to 28 U.S.C. § 2675(a), a final denial by the agency must occur[4] or a denial must be deemed by the claimant to have occurred before suit can be filed in district court.

An action [under the Tort Claims Act] shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Since Conn "presented" a claim and since the Bureau did not, within six months or thereafter, make a "final disposition" of the claim, we must determine whether there is a time limitation on Conn's option to deem the Bureau's failure to make such a disposition a final denial, thus allowing the filing of suit in district court.

■ Conn argues that there is such a limitation, the six-year limitation period contained in 28 U.S.C. § 2401(a). Since the incident occurred on April 15, 1981 and the action was filed on April 1, 1987, Conn argues, his claim is not barred by this statute of limitations. The difficulty with this argument is that section 2401(a) has been held not to apply to actions under the Federal Tort Claims Act. *Menkarell v.*

*Bureau of Narcotics*, 463 F.2d 88 (3d Cir. 1972); *United States v. Glenn*, 231 F.2d 884 (9th Cir.), *cert. denied*, 352 U.S. 926, 77 S.Ct. 223, 1 L.Ed.2d 161 (1956); *Wesreco v. United States Dep't of Interior*, 618 F.Supp. 562 (D.Utah 1985). Accordingly, we conclude that section 2401(a) cannot be applied in this case.

The Bureau contends that, under a proper interpretation of sections 2401(b) and 2675(a), construed together, the statutes provide that if the claim is not denied within six months of filing or thereafter, the claimant must exercise his option to deem the claim to have been finally denied and file his action in court within a "reasonable" time after the six months has expired. Since nearly four years had elapsed after the six-month period had expired in the present case, the Bureau argues that Conn did not file within a reasonable time and the action is barred. The Bureau relies on *Miller v. United States*, 741 F.2d 148 (7th Cir.1984), in which the court held that the claimant has only a "reasonable time" after the six-month period has expired in which to treat the failure to deny the claim as a constructive denial. In *Miller*, the six-month period had expired on February 19, 1982, the claimant filed her action in court on March 8, 1982, and the court held that the claimant had filed her action within a reasonable time.

On the other hand, in *Boyd v. United States*, 482 F.Supp. 1126 (W.D.Pa.1980), and *Mack v. United States*, 414 F.Supp. 504 (E.D.Mich.1976), the courts held that the six-month period within which the action must be filed is simply tolled so long as the claim is not finally denied. We adopt this holding of *Boyd* and *Mack* for several reasons.

First, section 2675(a) expressly provides that if the agency fails to finally dispose of the claim within six months after filing, "at the option of the claimant *any time thereafter* " such failure may "be deemed a final denial of the claim...." (emphasis added). Thus, the constructive denial of the claim

---

4. We do not understand the government to contend that the June 16, 1983 letter from the Bureau to Salyer constituted a "final denial"

within the meaning of 28 U.S.C. § 2401(b). In any event, it clearly was not a final denial since it did not comply with 28 C.F.R. § 14.9(a).

does not occur until the claimant exercises the option to deem the claim to have been denied. The claimant may exercise the option at any time after the six months has expired and there has been no denial. In short, the language of the statute places the option in the claimant's hands and thus supports the contention of the claimant in this case.

Second, it is important that the rule provided by sections 2401(b) and 2675(a) be definite. If we opt for a construction of these statutes which allows for the filing of an action only within a "reasonable" time after the six-month period has expired, a reviewing court would then have to deal with each case on an ad hoc basis in which multifarious, indeed unlimited, factors would need to be considered and weighed.

Third, this interpretation does not appear to place an unreasonable burden on administrative agencies. To avoid problems, an agency can simply deny the claim in such a manner as comports with 28 C.F.R. § 14.9(a) and thereby cause the six-month period to begin to run. However, if experience should show that this interpretation gives claimants too much time in which to file an action in court, an amendment to the statute can easily remedy this problem.

We therefore conclude that Conn's claim was not barred by the applicable statute of limitations.

The judgment of the district court is therefore REVERSED and the case is REMANDED for further action consistent with this opinion.