James R. TAUMBY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 89-1516.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1989.

Decided May 14, 1990.

James K. Blickhan, Kansas City, Mo., for appellant.

Richard E. Monroe, Springfield, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

James R. Taumby appeals from a district court[1] order dismissing his complaint filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680 (1982). The court concluded that Taumby's claim was barred by the limitations period provided in 28 U.S.C. § 2401(b) (1982), because he failed to file suit in district court within six months of the day that the Federal Bureau of Prisons denied his administrative claim. Taumby argues on appeal that the district court erred by: (1) finding that his claim was barred; (2) denying his motion for extension of time; and (3) denying his motion for relief from its order. We affirm the district court.

Taumby, while incarcerated at the United States Medical Center for Federal Prisoners in Springfield, Missouri, received medical treatment for chronic head and back pain over a ten-day period beginning February 14, 1985. On February 28, 1985, Taumby was transferred from the Springfield facility, and on June 21, 1985, he was released from federal custody.

On February 2, 1987, Taumby submitted a claim for $1,000,000 to the Federal Bureau of Prisons and the Department of Justice, alleging that the care he received at the Springfield facility, given by a physician in the course and scope of his employment with the United States Government, caused him permanent eye injury and constituted medical malpractice. This claim

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

was received by the Department of Justice on February 9, 1987, by the Federal Bureau of Prisons on February 10, 1987, and by the Federal Bureau of Prison Administration in Kansas City, Missouri, on April 9, 1987.

On April 23, 1987, Taumby received a letter from the Federal Bureau of Prisons informing him that his administrative claim had been received April 9, 1987, and that, under the FTCA, the agency had until October 9, 1987, to make an administrative determination of the claim. On October 13, 1987, the Federal Bureau of Prisons denied Taumby's claim, but failed to properly notify Taumby as required by 28 U.S.C. § 2401(b).[2] *See also* 28 C.F.R. § 14.9 (1989).

On October 11, 1988, Taumby filed suit in district court under the FTCA. He claimed that the Federal Bureau of Prisons had failed to make a final disposition of his claim within six months and that such a failure was deemed a final denial of his administrative claim. (Record at 14). In his suit, he again alleged that negligent medical treatment by the prison physician had resulted in a permanent eye injury.

On January 9, 1989, the Government filed a motion to dismiss Taumby's complaint as barred by the statute of limitations, 28 U.S.C. § 2401(b). The Government argued that the claim had been denied on October 13, 1987, and that Taumby's failure to bring suit against the United States within six months of that denial barred his action.

Taumby requested an extension of time to respond to the motion on January 19, 1989. On January 26, 1989, the court denied the extension and granted the Government's motion to dismiss on grounds that Taumby's complaint was not timely under 28 U.S.C. § 2401(b) and therefore the court was without proper jurisdiction to consider it. Taumby then filed a motion for relief from the court's order, which was denied. This appeal followed.

## I.

We review de novo a district court's decision on subject matter jurisdiction. *Giannini v. Committee of Bar Examiners*, 847 F.2d 1434, 1435 (9th Cir.1988); *Hilliard v. United States Postal Serv.*, 814 F.2d 325, 326 (6th Cir.1987); *Clayton v. Republic Airlines*, 716 F.2d 729, 730 (9th Cir.1983).

The central question in this case is whether Taumby's suit is timely under 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a).

Under section 2401,[3] FTCA claimants are required to: (1) commence actions against the United States within six years after the right of action first accrues; (2) first present their claims, in writing, to the appropriate federal agency within two years after the claim accrues; and (3) file suits within six months of the formal denial of their claims by the agency. Failure to abide by these requirements will result in a claim being time-barred by section 2401. Under section 2675(a),[4] claimants are

2. The denial letter was either lost or misfiled. The Federal Bureau of Prisons' log sheet revealed that the claim was denied October 13, 1987.

3. Section 2401 states, in part, that:
   (a) [E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues....
   (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
   28 U.S.C. § 2401.

4. Section 2675(a) states, in part, that:
   (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section....*
   28 U.S.C. § 2675(a) (emphasis added).

barred from filing suit against the United States until their claims are formally denied by the appropriate federal agency, but are allowed, at their discretion, to treat an agency's failure to act on a claim for six months as a final denial, thus enabling them to file suit without a formal agency disposition.

Taumby argues that, under a plain reading of section 2675(a), if an agency fails to act within six months after an administrative claim is filed, the claimant can consider his claim denied *at any time* after that initial six-month period. The Government contends that Taumby had only a "reasonable time" after the six-month period for agency action had expired in which to treat the failure to deny the claim as a constructive denial.

Our objective "in interpreting a federal statute is to achieve the intent of Congress." *Linquist v. Bowen*, 813 F.2d 884, 888 (8th Cir.1987). Any statutory analysis must begin with a review of the language used by Congress. *See United States v. Goodyear Tire & Rubber Co.*, — U.S. —, 110 S.Ct. 462, 467, 107 L.Ed.2d 462 (1989). "While as a general matter our interpretation must be governed by the statute's plain meaning, it is also a 'well-established canon of statutory construction that a court should go beyond the literal language of a statute if reliance on that language would defeat the plain purpose of the statute * * * *'" *Darling v. Bowen*, 878 F.2d 1069, 1074 (8th Cir.1989) (quoting *Bob Jones Univ. v. United States*, 461 U.S. 574, 586, 103 S.Ct. 2017, 2025, 76 L.Ed.2d 157 (1983) ), *cert. denied sub nom.* — U.S. —, 110 S.Ct. 1782, 108 L.Ed.2d 783 (1990). To ascertain whether Taumby's "plain meaning" interpretation is consistent with the purpose of section 2675(a), we now turn to the general policies behind the FTCA and its statute of limitations provision, and to the legislative history of section 2675(a).

## A.

The FTCA provides for "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976). In *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), the Supreme Court considered the scope of the waiver in the FTCA and stated that "the Act waives the immunity of the United States and ... we should not take it upon ourselves to extend the waiver beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended." *Id.* at 117–18, 100 S.Ct. at 357 (citations omitted). Accordingly, we strictly construe section 2675(a). *Cf. United States v. Sherwood*, 312 U.S. 584, 590–91, 61 S.Ct. 767, 771–72, 85 L.Ed. 1058 (1941); *Monark Boat Co. v. NLRB*, 708 F.2d 1322, 1326 (8th Cir.1983).

The Court noted in *Kubrick* that statutes of limitations "are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence." 444 U.S. at 117, 100 S.Ct. at 357. The Court also specifically considered section 2401(b) and stated that it was "the balance struck by Congress in the context of tort claims against the Government ... [and that the Court was] not free to construe it so as to defeat its obvious purpose, which is to *encourage the prompt presentation of claims.*" *Id.* (emphasis added). With these factors in mind, we now consider the legislative history of section 2675(a).

## B.

The legislative history of the 1966 amendments to section 2675(a) reveals that the overall objective of permitting agencies six months to consider a claim was to keep claims that could be settled from clogging the court system. *See* S.Rep. No. 1327, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News 2515, 2516 [hereinafter Senate Rep.]; H.R.Rep. No. 1532, 89th Cong., 2d Sess. 6 (1966) [herein-

after House Rep.]; *Improvement of Procedures in Claims Settlement and Government Litigation: Hearings on H.R. 13650, H.R. 13651, H.R. 13652, and H.R. 14182 Before the Subcomm. No. 2 of the House Comm. on the Judiciary*, 89th Cong., 2d Sess. 5, 16 (1966) [hereinafter Hearings]. This goal was furthered in two ways. The first part of section 2675(a) requires an aggrieved party to file a claim with the agency responsible for his injuries; while the second part gives a claimant the option, if six months after filing a claim the agency failed to make a formal final disposition, to consider the claim constructively denied and to file suit.

The legislative history of the second part of section 2675(a) discusses the option it creates in the conjunctive: to consider the claim denied *and* to file suit. From this history we can see that this option is not simply an opportunity to consider failure to act as denial of one's claim. Instead, it has two parts, which, when combined, serve to accomplish the overall goal of the section: the prompt resolution of claims.

The Senate Committee on the Judiciary considered section 2675(a), and in its report stated that:

*[I]f the agency fails to act in 6 months, the claimant may at his option elect to regard this inaction as a final denial and proceed to file suit.* It is obvious that there will be some difficult tort claims that cannot be processed and evaluated in this 6–month period. The great bulk of them, however, should be ready for decision within this period. In some cases where the agency does not reach a decision in 6 months, the claimant may feel that the agency is sincerely seeking to reach a fair decision. *Under such circumstances, the claimant might wish not to break off negotiations and file suit. Therefore even though this 6–month period may prove insufficient in some instances, the committee does not believe that this period ought to be enlarged to attempt to insure time for final decision on all claims.* This is the same position stated by the Department of Justice at the hearing.

Senate Rep., *supra, reprinted in* 1966 U.S. Code Cong. & Admin.News at 2518–19 (emphasis added). This report both indicates a reluctance to expand the six-month time period for agency consideration of claims and reflects a desire for the prompt presentation of claims. Further, an implied notion of negotiation, or of at least attentive behavior, can also be seen in the passage discussing breaking off negotiations.

The House of Representatives' Report concerning section 2675(a) conveys a similar message. It states, in part, that:

After the claim has been presented to the agency and 6 months passes without final disposition of the claim, the claimant is expressly given the *option to consider the claim as denied and to file suit....*

... [S]ubsection (a) of section 2675, as amended, ... states that after 6 months without final agency action, the individual *at his own option can deem the claim to be finally denied and be free to commence suit.*

House Rep., *supra*, at 4 (emphasis added).

Finally, during a congressional hearing concerning this section, before House Subcommittee No. 2 on the Judiciary, John W. Douglas, Assistant Attorney General, discussed the impact of section 2675(a). He classified the six-month period agencies have to consider claims as a waiting period: "In our view, the maximum 6–month waiting period which this would entail is not excessive." Hearings, *supra*, at 16. Douglas went on to state that the purpose of this waiting period was to give agencies an opportunity to settle claims outside the court system without taking anything away from the private litigant. *Id.* at 18. When asked what impact this six-month waiting period would have on the statute of limitations, Douglas stated that "[i]t actually expands the time within which a suit could be filed in court. At the present time there is a 2–year statute of limitations, and *this bill permits 2 years to file with the agency plus 6 months after the agency acts or refuses to act.*" *Id.* (emphasis added).

When Congress revised section 2675(a) in 1966, it did not formally address what

would happen if a party, faced with no formal agency disposition six months after filing a claim, simply failed to act for a long period of time. We believe that such behavior runs contrary to the policies supporting both the FTCA and its statute of limitations, and we cannot be certain it was considered by Congress. We are concerned that adopting Taumby's contrary reading of section 2675(a) would fly in the face of the FTCA, its statute of limitations, and the legislative history of the section, because, it would, in essence, reward claimants for doing nothing.

### C.

We believe that the option created by section 2675(a) is simply an exception to the rule that claimants may not file suit against the Government until the appropriate agency has issued a final decision. Under this exception, claimants are allowed to consider their claims denied and to file a suit even if the agency has not rendered a final decision, as long as they have given the agency six months to decide the claim. The option may be exercised at any reasonable time after the appropriate agency has had six months to consider the claim. *See Miller v. United States*, 741 F.2d 148, 150 (7th Cir.1984) (finding that claimant exercising option within seventeen days after its creation was reasonable).

Taumby's argument would preserve his claim indefinitely. We cannot ignore his pleading that he exercised his option to consider agency inaction a denial of his claim. (Record at 14). We also cannot simply apply the literal six-month limitation under section 2401(b), as there has been no demonstration of mailing of a final denial. We believe that under sections 2401(b) and 2675(a), to effectuate the concerns of Congress that claims be filed and resolved in a timely manner and that the vulnerability of the public fisc be limited, it is necessary for a claimant who chooses to treat agency

inaction as a denial, thus enabling him to file suit, to do so within a reasonable time. The Seventh Circuit in *Miller*, considering a similar situation, held that the option "to treat the inaction as a constructive final denial" could be exercised "at any reasonable time" after the end of the six-month period following the filing of the plaintiff's claim. 741 F.2d at 150. We are convinced that this reasoning is consistent with and effectuates the intent of Congress as expressed in sections 2401(b) and 2475(a).

In this case, Taumby presented his claim with the appropriate agency and then did nothing for over twenty months. Arguably he could have filed suit as early as August 2, 1987, six months after he filed his claim. Assuming he felt bound to follow the instructions on the agency's April 23, 1987, letter, he could have filed suit as early as October 9, 1987. Regardless, Taumby waited until October 11, 1988, a full year after that date, to exercise his option to file suit.

Taumby's original complaint stated that he considered his claim denied by the agency under section 2675(a) after the agency failed to act on his claim within six months after it was filed. (Record at 14). Taumby, however, waited over a year after the six-month waiting period provided by section 2675(a) to exercise his option to consider his claim constructively denied and to file suit. Therefore, we conclude that Taumby's claim is time-barred because, although he considered his claim constructively denied when he filed suit, he failed to do so within a reasonable time [5] following the six-month period given to the Federal Bureau of Prisons to formally act upon his claim. Since the FTCA predicates subject matter jurisdiction on timely presentation of a claim, *see Barren by Barren v. United States*, 839 F.2d 987, 992 (3d Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988), Taumby's suit was properly dismissed by the district court.[6]

---

**5.** The Seventh Circuit in *Miller* found seventeen days to be a reasonable time within which to consider agency inaction a denial, *see* 741 F.2d at 150. We hold today that twelve months is not reasonable. As we observed, the six-month limitation of section 2401(b) is not applicable

and would not be the full measure of a reasonable time.

**6.** We recognize that the Sixth Circuit's recent decision in *Conn v. United States*, 867 F.2d 916 (6th Cir.1989), is to the contrary. In *Conn*, the

## II.

■ Taumby's other arguments can be dealt with summarily. He argues that the district court erred by denying his motions for time extension and for relief from the order. As for the former, we are satisfied that the district court did not abuse its discretion when it denied Taumby's motion, arguing for an extension of time because of his attorney's busy schedule, because he had failed to establish "excusable neglect" as required by Rule 6(b) of the Federal Rules of Civil Procedure. *See Clinkscales v. Chevron U.S.A.*, 831 F.2d 1565, 1569 (11th Cir.1987); *McLaughlin v. City of La-Grange*, 662 F.2d 1385, 1387 (11th Cir.1981) (per curiam), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). As for the latter, we are also satisfied, for the reasons set out in section I of this opinion, that the district court did not abuse its discretion in denying Taumby's motion for relief from the order. *See Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir.1989).

## III.

Accordingly, we affirm the order of the district court.

McMILLIAN, Circuit Judge, dissenting.

Because I do not agree that appellant's claim is time-barred, I respectfully dissent. I would adopt the analysis of *Conn v. United States*, 867 F.2d 916, 920–21 (6th Cir.1989). *Accord Boyd v. United States*, 482 F.Supp. 1126, 1129–30 (W.D.Pa.1980); *Mack v. United States Postal Service*, 414

court, considering facts similar to those before us today, held that: (1) the option provided by section 2675(a), once available to a claimant, exists until exercised or until the agency makes a final disposition, *id.* at 920–21; (2) a contrary reading of this option provision would force courts to deal with each case in an inefficient ad hoc manner, *id.* at 921; and (3) this rule would not put an unreasonable burden on administrative agencies, *id.* Accordingly, the court in *Conn* allowed a prisoner to file a malpractice claim under the FTCA over four years after his original administrative claim had been filed. *Id. See Boyd v. United States*, 482 F.Supp. 1126, 1129–30 (W.D.Pa.1980); *Mack v. United States Postal Serv.*, 414 F.Supp. 504, 506–08 (E.D.Mich. 1976); *see also Douglas v. United States*, 658 F.2d 445, 449–50 (6th Cir.1981).

F.Supp. 504, 506–08 (E.D.Mich.1976). Accordingly, I would reverse and remand the case to the district court for further proceedings.

First, because the statutory language of 28 U.S.C. § 2675(a) is clear and unambiguous, it is not necessary to resort to consideration of legislative history. "[S]ection 2675(a) expressly provides that if the agency fails to finally dispose of the claim within six months after filing, '*at the option of the claimant any time thereafter*,' such failure may 'be deemed a final denial of the claim....' " *Conn v. United States*, 867 F.2d at 920 (emphasis added in cited case). The plain language of the statute itself thus places the option of constructive denial in the hands of the claimant and specifically grants the claimant "any time thereafter" to file an action in court. *Id.* at 921. Nothing in the statute requires the claimant to deem the agency's failure to act within six months as a final denial.

As noted by the majority opinion, at 1367 n. 6, under the above construction of 28 U.S.C. § 2675(a), the period within which the claimant can deem the agency's failure to make a final disposition of a claim within six months a constructive denial of the claim is "open-ended." However, the agency can close the "open-ended" period simply by denying the claim in writing and sending the denial to the claimant by certified or registered mail. Notice of the final denial of the claim would start the six-month statutory period provided in 28 U.S.C. § 2401(b) running. *Conn v. United*

Under its reading of section 2675(a), the *Conn* court, in essence, fashions a long-term option for claimants when agencies fail to formally resolve their claims after six months. To support this ruling, the court cites efficiency concerns, which we agree were the impetus behind the 1966 amendments to section 2675(a). We contend, however, that these concerns were actually increasing the efficiency of the court system by decreasing the number of claims filed in court and encouraging timely resolution of suits against the United States, neither of which are advanced by the *Conn* court's interpretation of section 2675(a). *Conn* thus gives claimants an open-ended period in which to file suit. We choose not to do so.

*States,* 867 F.2d at 921. For example, in the present case, if the agency had properly notified appellant that his claim had been denied, that is, by sending appellant a copy of its final denial of his claim on October 13, 1987, by certified or registered mail, the six-month statutory period would have expired on April 13, 1988. However, because the agency failed to properly notify appellant that it had denied his claim, the six-month period never began to run. It would be particularly inappropriate to place the risk of agency inaction or failure to properly notify the claimant on the claimant. The agency's failure to properly notify the claimant of the denial of his or her claim should not operate in the agency's favor.

Second, I would not add a "reasonable time" limitation to 28 U.S.C. § 2675(a). The statute itself contains no such qualification. Moreover, the addition of a "reasonable time" period after the six-month period allowed for agency action will require reviewing courts to "deal each case on an ad hoc basis in which multifarious, indeed unlimited, factors would need to be considered and weighed." *Conn v. United States,* 867 F.2d at 921.

Even if I were persuaded that the majority opinion was correct in adding a "reasonable time" limitation, I cannot agree that the delay in the present case is unreasonable. Appellant submitted his claim in February 1987; the Bureau of Prisons acknowledged receipt of the claim in April 1987. The agency then had six months, or until October 1987, to make a final decision under 28 U.S.C. § 2675(a). Even if one assumes appellant immediately exercised his option to deem the agency's inaction as a constructive final denial, by my calculations, appellant delayed only 6 months [7] and actually filed his action in court within 12 months. In my opinion, 6 months, or even 12 months, is a "reasonable time."

Finally, if there should be a time limitation on the claimant's option to deem the agency's failure to make a final disposition within six months a final denial, I would argue that the applicable time limitation should be the six-year period contained in 28 U.S.C. § 2401(a). *But cf. Conn v. United States,* 867 F.2d at 920 (rejecting six-year limitation in 28 U.S.C. § 2401(a)), *citing Menkarell v. Bureau of Narcotics,* 463 F.2d 88 (3d Cir.1972) (holding 28 U.S.C. § 2401(a) does not apply to Federal Tort Claims Act actions), *United States v. Glenn,* 231 F.2d 884 (9th Cir.) (same), *cert. denied,* 352 U.S. 926, 77 S.Ct. 223, 1 L.Ed.2d 161 (1956), *and Wesreco, Inc. v. United States Department of the Interior,* 618 F.Supp. 562 (D.Utah 1985) (same). Here, I would argue that appellant exercised his option to deem his claim constructively denied in October 1988, when he filed his action in court, only 12 months after the expiration of the agency's six-month period to act.

---

**7.** Appellant first presented his administrative claim in February 1987. The Bureau of Prisons acknowledged receipt of the claim in April 1987. Pursuant to 28 U.S.C. § 2675(a), the six-month period for administrative action expired in October 1987. Because appellant filed this action in October 1988 and is allowed 6 months to file after notice of final denial pursuant to 28 U.S.C. § 2401(b), I have subtracted 6 months from the filing date to April 1988. Thus, even assuming appellant exercised his option to deem the agency's inaction as a final denial at the earliest possible time, appellant waited only 6 months, from October 1987 to April 1988.