James R. TAUMBY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 89-1516.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1989.

Decided Nov. 5, 1990.

Rehearing and Rehearing En Banc Denied Nov. 26, 1990.

---

James K. Blickhan, Kansas City, Mo., for appellant.

Richard E. Monroe, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

James R. Taumby, appellant, has moved for a rehearing of this panel's May 14, 1990 decision affirming the district court's dismissal of his Federal Tort Claims Act claim. *Taumby v. United States*, 902 F.2d 1362 (8th Cir.1990). The Department of Justice has filed a response agreeing that this panel's earlier opinion should be vacated. However, the government argues that the district court judgment dismissing Taumby's claim must be reinstated in any case, because Taumby never filed a proper notice of appeal. We conclude that this court does indeed have jurisdiction of Taumby's appeal; therefore, we vacate the earlier panel opinion in accordance with both parties' wishes and remand to the district court for trial on the merits.

In its response to Taumby's rehearing motion, the government changed its original position on the statute of limitations question we dealt with in our panel opinion. Contrary to its earlier arguments to this panel, the government now concedes that there is no time limit for the filing of an FTCA action when an administrative claim is deemed to be denied under 28 U.S.C. § 2675(a) (1988) by virtue of an agency's failure to finally dispose of the claim within six months. The Department of Justice expresses regret that it misstated the United States' position before this panel and blames an internal communications breakdown within the government. Justice further states that if the lack of a statutory time limitation for bringing suits in such cases poses a serious problem, it will seek legislative modification of the statute. Under these circumstances, we do not hesitate to vacate the panel opinion in what we considered to be a close case.

Even though the United States now concedes Taumby's suit was not time-barred, it argues that the district court order dismissing Taumby's suit must be reinstated because this court never had jurisdiction of the case. The government reasons that when Taumby filed his notice of appeal, he already had a motion pending before the district court that tolled the time for appeal and rendered Taumby's notice of appeal premature.

As we recited in the panel opinion in this case, after the government moved the district court to dismiss Taumby's case as time-barred, Taumby requested an extension of time to respond to the motion. 902 F.2d at 1363. On January 26, 1989 the district court denied Taumby's request for extension and granted the government's motion to dismiss. On February 3, 1989, Taumby filed a "Motion for Relief from an Order," stating that "pursuant to Federal Rule of Civil Procedure 60 ... [he] urges this Court to use its discretion and set aside the judgment of the Court entered on January 26, 1989." In an accompanying memorandum Taumby briefed the issues raised in the motion to dismiss, and argued that the court erred in not allowing him to brief the statute of limitations question, since he had filed a timely motion for extension of time to respond to the motion to dismiss. On March 22, 1989 Taumby filed his notice of appeal from the district court's order of January 26, 1989. On March 28, 1989 the district court denied Taumby's "Motion for Relief from an Order."

In its response to the petition for rehearing the government now argues that Taumby's postjudgment motion must be considered a motion to alter or amend judgment under Rule 59(e), Fed.R.Civ.P., which would toll the time for appeal until the district court ruled on the motion, Fed.R. App.P. 4(a)(4), rather than a Rule 60(b)

motion, which would not affect the finality of the district court's judgment, Fed.R. Civ.P. 60(b). Since Taumby's only notice of appeal would then have been filed prematurely, the government argues that this court never acquired jurisdiction of the case and cannot disturb the district court's order of dismissal (even though the government now considers that dismissal wrong on the merits).

The government cites *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174–78, 109 S.Ct. 987, 990–93, 103 L.Ed.2d 146 (1989), relying on language stating that any postjudgment motion involving reconsideration of matters properly encompassed in a decision on the merits "falls within the ambit of Rule 59(e)." Appellees' Br. at p. 4. The government argues that no matter what rule the movant cites, the Court should treat such a motion as a Rule 59(e) motion. We are not convinced by the government's argument that Taumby's motion should be considered a Rule 59(e) motion, rather than a Rule 60(b) motion.

The *Osterneck* case did not deal with the distinction between Rule 59(e) and Rule 60(b) motions, both of which are used to attack the very marrow of the judgment itself. Rather, *Osterneck* rejected the argument that a motion for prejudgment interest was a collateral matter, such as the assessment of costs in *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268–69, 108 S.Ct. 1130, 1131–32, 99 L.Ed.2d 289 (1988), which would not disturb the court's disposition of the merits. 489 U.S. at 175–76, 109 S.Ct. at 991–92. No one in *Osterneck* argued that the motion for prejudgment interest arose under Rule 60(b) and the Court did not mention Rule 60(b) in its discussion.

Though *Osterneck* is inapposite,[1] there are a great number of cases dealing with the distinction between motions filed under Rules 59(e) and 60(b). The two rules overlap to a great extent, *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351

(1986); 11 C. Wright and A. Miller, Federal Practice and Procedure § 2817 at 110 and n. 27 (1973 and Supp.1990), and the proper characterization of ambiguous motions has been the subject of much litigation. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 n. 11 (8th Cir.1988). Some circuits have adopted a bright line test to distinguish motions under the two rules, so that any substantive postjudgment motion that questions the correctness of the judgment and is filed within ten days of judgment shall be treated as a Rule 59(e) motion, no matter how the movant labeled it. *Harcon Barge*, 784 F.2d at 668–69; *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986); *Moy v. Howard Univ.*, 843 F.2d 1504, 1505–06 (D.C.Cir.1988) (per curiam); *Knowles v. Mutual Life Ins. Co.*, 788 F.2d 1038, 1040 (4th Cir.) (per curiam), *cert. denied*, 479 U.S. 948, 107 S.Ct. 433, 93 L.Ed.2d 383 (1986); *Skagerberg v. Oklahoma*, 797 F.2d 881, 883 (10th Cir.1986) (per curiam) (recharacterizing motion labeled "Rule 60" as a Rule 59(e) motion and consequently dismissing appeal). *See generally*, 9 J. Moore, B. Ward, and J. Lucas, Moore's Federal Practice ¶ 204.12[1] at 4–72–73 (1990).

■ This circuit has recharacterized a postjudgment motion under the ten-day rule in *Jackson v. Schoemehl*, 788 F.2d 1296, 1298 (8th Cir.1986), and elsewhere has categorized an unlabeled motion according to whether it asked for relief more appropriately granted under Rule 60(b) or Rule 59(e). *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062–63 (8th Cir.1986). However, we decline to apply either analysis to recharacterize Taumby's motion. Taumby's "Motion for Relief from an Order" employed the language of Rule 60 and referred to Rule 60 alone in the text. There is no hint in the record that anyone—Taumby, the government, or the district Court—considered the motion a Rule 59(e) motion until, after having conceded that the case should never have been

---

1. Insofar as *Osterneck* has any bearing at all on this case, it recognizes that a motion raising issues collateral to the judgement in the main action does not fall within Rule 59(e). Taum-

by's motion raised the denial of his motion for extension of time to file a brief, and we believe that this is a collateral issue that prevents the application of Rule 59(e).

dismissed, the government nevertheless alighted on this theory to make the dismissal unappealable. Under these circumstances, we conclude that "such a judicial recharacterization of the Rule 60 motion would contravene the principle of 'substantial justice' that we are bound to respect. Fed.R.Civ.P. 8(f)." *Smith v. United States Parole Comm'n*, 721 F.2d 346, 348 (11th Cir.1983) (per curiam). *See also Echevarria–Gonzalez v. Gonzalez–Chapel*, 849 F.2d 24, 26–27 (1st Cir.1988) (refusing to recharacterize motion filed within ten days of judgment as Rule 59(e) motion, since the motion specifically invoked Rule 60(b)).

■ With admirable candor, the government states that despite its commitment to diligently defending the federal fisc in FTCA cases, it could not sanction the panel's interpretation of the statute that held Taumby's claim time-barred. The government will now have an opportunity to defend the federal fisc on the merits in this case. We hold that Taumby's filing of the motion under Rule 60 did not stay the running of the time for appeal, that the notice of appeal was timely filed, and that this court has jurisdiction in this case. We exercise that jurisdiction by remanding for trial on the merits.