Ronald Bryan McCALLISTER, Plaintiff–Appellant,

v.

UNITED STATES of America, Acting By and Through U.S. DEPARTMENT OF AGRICULTURE, FARMERS HOME ADMINISTRATION, et al., Defendants–Appellees.

No. 90–1199.

United States Court of Appeals, Fifth Circuit.

March 8, 1991.

---

842

Joshua Joy Dara, Sr., and Steve Alexander, Arens & Alexander, Fayetteville, Ark., for plaintiff-appellant.

E. Scott Frost, Asst. U.S. Atty. and Marvin Collins, Lubbock, Tex., for the U.S., et al.

Before GOLDBERG, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:

Ronald Bryan McCallister alleged, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, that employees and agents of the Farmers' Home Administration ("FmHA") committed a series of wrongful acts against him during the four-year term of their loan relationship. The district court dismissed his complaint, concluding that it lacked subject matter jurisdiction because McCallister's complaint was brought more than six months after the denial of his administrative claim and was thus barred by the limitations period prescribed by 28 U.S.C. § 2401(b). For the reasons stated below, we reverse the district court's dismissal and remand the case for further consideration.

I

On June 4, 1984, McCallister borrowed $40,000 in farm operating funds from the Farmers' Home Administration. According to McCallister, between March 30, 1984, and April 12, 1988, FmHA's employees and agents engaged in a continuing course of wrongful and negligent acts, resulting in damages to him in excess of one million dollars. These alleged acts included, *inter alia*, requiring McCallister to obtain federal crop insurance in 1984 as a condition for receiving a loan, which was in violation of federal regulations, and repossessing his farm equipment in 1985 without affording him a notice or hearing.

On April 12, 1988, McCallister filed an administrative claim under the FTCA in compliance with 28 U.S.C. § 2675(a).[1] An administrative claim must be filed with the appropriate federal agency and that agency must rule on the claim before a claimant can file suit against the United States. If, however, the agency fails to make a final disposition within six months, the claimant may treat the agency's failure to act as a final denial and file his suit.

The FmHA failed to make a final disposition of McCallister's claim within the six-month waiting period, which expired on October 12, 1988. On August 10, 1989, McCallister filed his complaint against the United States. Paragraph 102 of that complaint alleged that:

On April 12, 1988, McCallister submitted his completed claim in the amount of $1,317,012.00 to FmHA. By December 14, 1988, FmHA had neither accepted nor rejected said claim, and pursuant to 28 U.S.C. § 2675(a), such failure to act is deemed a denial of the claim.[2]

The United States filed a Rule 12(b)(6) motion to dismiss McCallister's complaint, arguing that the district court lacked subject matter jurisdiction because McCallister failed to comply with the administrative exhaustion requirement of the FTCA. More specifically, the government maintained that McCallister's claim was barred by both the six-month and the two-year limitations period found in 28 U.S.C.

---

1. Section 2675(a) provides:
   An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented his claim to the appropriate Federal agency and his claim have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant anytime thereafter, be deemed a final denial of the claim.

28 U.S.C. § 2675(a).

2. The complaint alleged that the six-month waiting period had expired on December 14, 1988, apparently instead of on October 12, 1988, because McCallister's counsel had mistakenly believed that the statute of limitations began to run on June 14, 1988, when the claim was completed, rather than on April 12, 1988, when the incomplete claim was filed.

§ 2401(b).[3] Under that section, the administrative claim must be filed with the agency within two years after it accrues and the federal court complaint must be filed within six months after the agency's final denial; otherwise, the claim is barred. Here, the government argued that paragraph 102 of McCallister's complaint constituted an admission that McCallister had deemed his administrative claim denied on December 14, 1988; therefore, the six-month limitations period under section 2401(b) had expired before McCallister filed his complaint in the district court some eight months later, on August 10, 1989. The government also contended that the two-year limitations period barred all claims alleged before April 12, 1986, because McCallister filed his only administrative complaint on April 12, 1988.

The district court dismissed the complaint for lack of subject matter jurisdiction, holding that McCallister's action was brought more than six months after FmHA's "constructive denial" of his administrative claim and was therefore barred by the six-month limitations period prescribed by section 2401(b). The district court did not decide whether McCallister's suit was also barred by the two-year limitations period.

## II

In challenging the district court's dismissal, McCallister maintains that paragraph 102 of his complaint was nothing more than a jurisdictional allegation intended to inform the district court that under section 2675(a) he had the option to file an action any time after December 14, 1988. In its brief and before the district court, the government argued that under section 2675(a), McCallister was required to file his cause of action within a reasonable time after the six-month waiting period had expired or, in the alternative, within twelve months after he had filed his administrative claim with the FmHA. At oral argu-

ment, however, the government acknowledged that it had just recently retreated from this position in a case before the Eighth Circuit Court of Appeals. In this case, the government now concedes, as it did in the Eighth Circuit case on rehearing, that "there is no time limit for the filing of an FTCA action when an administrative claim is deemed to be denied under 28 U.S.C. § 2675(a) (1988) by virtue of an agency's failure to finally dispose of the claim within six months." *Taumby v. United States*, 919 F.2d 69, *vacating* 902 F.2d 1362 (8th Cir.1990). Because we agree with McCallister that paragraph 102 of his complaint cannot be construed against him as anything more than an allegation of federal court jurisdiction, we find that the government has been unable to distinguish in any relevant way the facts of the instant case to exclude it from the holding of *Taumby*. Thus, given this finding, both parties agree that McCallister's suit is not time-barred by the six-months statute of limitations prescribed under section 2401(b).

The only remaining issues left for resolution are whether McCallister's claims prior to April 12, 1986, are barred by the two-year statute of limitations under section 2401(b) and whether McCallister has exhausted his administrative remedies for injuries resulting from wrongful acts committed after the filing of his administrative claim. To avoid having his claim barred, McCallister argues that his injuries resulted from a continuing tort. Such a determination requires a thorough review of FmHA's alleged wrongful acts that we cannot assess in the absence of a more developed factual record. We therefore leave this determination in the first instance to the district court on remand.

## III

We today join the Sixth and Eighth Cir-

3. Section 2401(b) provides:
   A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by agency to which it was presented.

cuits [4] and hold that the six-month limitations period prescribed in 28 U.S.C. § 2401(b) does not begin to run until the agency has made a final administrative determination of the claim within the meaning of § 2675(a); if, however, after six months from filing, the agency has not finally ruled, the claimant may treat the agency's failure to act as a final denial and he may file his suit at any time thereafter. We therefore reverse the district court's dismissal of McCallister's complaint and remand the case for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

---

**4.** *See Taumby v. U.S.,* 919 F.2d 69, 70 (8th Cir. 1990); *Conn v. United States,* 867 F.2d 916, 920–21 (6th Cir.1989).