**Austin ARIGO, Jr., Personal Representative of the Estate of Samuel A. Arigo, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 92–1992.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1992.

Decided Nov. 30, 1992.

E. Terry Sibbernsen, Omaha, Neb., argued for appellant.

Bertha R. Mitrani, argued, Stuart M. Gerson, Daniel A. Morris, and Jeffrey Axelrad of the U.S. Attorney's Office, on brief, Washington, D.C., for appellee.

Before FAGG, BEAM, and HANSEN, Circuit Judges.

FAGG, Circuit Judge.

Austin Arigo, Jr. appeals the district court's dismissal of his wrongful death action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680 (1988). We affirm.

Arigo filed a wrongful death claim with the Department of Veteran's Affairs (VA) on August 8, 1990. After the VA failed to decide the claim for nearly eight months, Arigo sent the VA a letter on February 20, 1991 that stated:

> On or about August 3, 1990 we forward[ed] to you a [c]laim against the Veterans Administration Hospital concerning the death of Samuel Arigo. More than six months have elapsed since the filing of this [c]laim and no action has been taken by your department. *We are hereby withdrawing our [c]laim and we intend on proceeding with a lawsuit in the United States District Court....*

(emphasis added). The VA then closed Arigo's claim file, but did not send Arigo a denial letter. About eight months later on October 28, 1991, Arigo filed this action.

Under 28 U.S.C. § 2401, tort claimants must file an action against the United States within six years of the action's accrual. To encourage the prompt presentation of claims, § 2401(b) requires claimants to present a claim to the appropriate federal agency within two years of the claim's accrual and file an action within six months of the agency's certified or registered mailing of a claim's final denial. *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). A claimant need not wait indefinitely, however, for the agency formally to deny the claim before filing an action. If the agency fails to decide the claim within six months of its filing, 28 U.S.C. § 2675(a) gives the claimant discretion to consider the claim constructively denied by the agency for administrative exhaustion purposes and to file suit without waiting for the agency's formal denial.

The district court concluded Arigo's "letter to the [VA was] a clear and unequivocal election to treat [the VA's] inaction as a final denial of his claim." Because Arigo filed his suit over eight months after sending the VA his letter, the district court held Arigo failed to file his action within six months of an agency's formal denial of his claim as 28 U.S.C. § 2401(b) requires and dismissed Arigo's complaint. The district court essentially equated Arigo's statement that his claim was administratively exhausted under § 2675(a) and that he intended to file suit with a formal agency denial that activates the six-month limitations period in § 2401(b).

 On appeal, Arigo contends that only a denial letter from an administrative agency triggers § 2401(b)'s six-month limitations period. Ordinarily this is true. An agency's failure to decide a claim within six months is not itself a formal agency denial that triggers § 2401(b)'s six-month limitations period. *Taumby v. United States*, 919 F.2d 69, 70 (8th Cir.1990); *Stahl v. United States*, 732 F.Supp. 86, 88 (D.Kan. 1990). Further, a claimant's use of § 2675(a), which is designed to benefit claimants by excusing them from waiting for formal agency denials before filing suit, generally does not activate § 2401(b), a limit on the claimant's time to file suit. *See Parker v. United States*, 935 F.2d 176, 177–78 (9th Cir.1991). Indeed, the Ninth Circuit has held that when an agency has not formally denied a claim, the claimant's filing of an FTCA action does not trigger the six-month limitations period in § 2401(b). *Id. But see Miller v. United States*, 741 F.2d 148, 150 (7th Cir.1984) (filing of complaint after § 2675(a)'s six-month waiting period triggers § 2401(b)'s six-month limitations period); *McKenith v. United States*, 771 F.Supp. 670, 671–72 (D.N.J.1991) (same).

 If Arigo's letter merely informed the VA that he had filed his administrative claim more than six months earlier, that the VA had not decided the claim, and that he intended to file suit, the letter would do nothing more than recognize Arigo's administrative remedies were exhausted under § 2675(a). To treat this kind of statement as a formal agency denial overlooks the fact that the agency can still consider the claim and trigger § 2401(b)'s six-month limitations period by denying the claim. If Arigo's letter went no further, it would not trigger § 2401(b)'s six-month limitations period. *See McCallister v. United States*, 925 F.2d 841, 842–43 (5th Cir.1991) (similar statement in complaint, filed fifteen months after filing of claim with agency, is merely an allegation that administrative remedies were exhausted by agency inaction under § 2675(a) nine months earlier; statement did not activate § 2401(b)).

In this case, however, Arigo informed the VA he was withdrawing his administrative claim and he does not assert on appeal that he did not intend the withdrawal. By withdrawing his claim from the VA, Arigo removed the VA's ability to activate § 2401(b)'s six-month limitations period by denying the claim. In our view, a claimant who strips an agency of its ability to deny a claim triggers § 2401(b)'s six-month limitations period. This view furthers the statutory purpose of promoting the prompt presentation of claims. Section 2401(b) contemplates only a six-month period during which neither an agency nor a court are considering a claimant's case. Here, Arigo's case was not being considered by the VA or a court for eight months. Having withdrawn his claim after agency inaction satisfied the administrative exhaustion requirement under § 2675(a), Arigo had to file his lawsuit within six months. To hold otherwise would effectively give Arigo unilateral power to toll § 2401(b)'s six-month limitations period.

 Arigo does not assert the limitations period should be equitably tolled, but the Government addresses the issue in its brief. In *Irwin v. Veterans Admin.*, 498 U.S. 89, ——, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), the Supreme Court held that statutes of limitation in suits against the government are subject to equitable tolling. Following *Irwin*, we have held § 2401(b)'s limitations period is not jurisdictional and may be equitably tolled. *See Schmidt v. United States*, 933 F.2d 639,

**1162**

640 (8th Cir.1991). Because principles of equitable tolling do not extend to garden variety cases involving excusable neglect, *Irwin*, 498 U.S. at ——, 111 S.Ct. at 458, we conclude we should not equitably toll the limitations period in this case.

Accordingly, we affirm the district court's dismissal of this action under § 2401(b).