IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50054
Summary Calendar

_____

WILBERT VALLIER,

Plaintiff-Appellant,

versus

RUBIN HARRIS, Medical Doctor,
Bastrop, Texas, ET AL.,

Defendants,

RUBIN HARRIS, Medical Doctor, Bastrop, Texas;
CALVIN YOUNG, Physician Assistant; GARY BOWLING,
Physician Assistant,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-93-CA-41
- - - - - - - - - -
December 26, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Wilbert Vallier, federal prisoner #01465-078, appeals from a
jury verdict in favor of the defendants on his <u>Bivens v. Six
Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S.
388, 397 (1971), claims of deliberate indifference to serious

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

medical needs and from a dismissal of his negligence claims under the Federal Tort Claims Act for lack of subject-matter jurisdiction. Vallier contends that the district court plainly erred in instructing the jury on deliberate indifference because the court failed to instruct the jury that it could render a verdict in his favor if it found that the defendants were negligent in administering medical treatment to him. He also contends that the jury's verdict as to his claims of deliberate indifference to serious medical needs was contrary to the evidence and that he was entitled to relief on his negligence claims.

Vallier has not demonstrated, as to his argument that the deliberate-indifference instruction constituted plain error, a "substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." Bender v. Brumley, 1 F.3d 271, 276-77 (5th Cir. 1993). This court declines to address Vallier's contention that the jury verdict on his claims of deliberate indifference to serious medical needs was contrary to the evidence because Vallier has failed to provide to this court a transcript of his trial. See Fed. R. App. P. 10(b); Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992).

Vallier has not demonstrated that the district court erred in dismissing his claims of negligence under the Federal Tort Claims Act due to his failure to file his federal complaint within six months of the final denial by the appropriate agency.

See 28 U.S.C. § 2401(b) (West 1997); McCallister v. United States By United States Dep't of Agric., Farmers Home Admin., 925 F.2d 841, 843 (5th Cir. 1991).

AFFIRMED.