**Guy FISHER, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Civil Action No. 06–12304–NMG.**

United States District Court,
D. Massachusetts.

Feb. 11, 2008.

---

Claudine A. Cloutier, Richard T. Mallen, Keches & Mallen, P.C., Taunton, MA, for Plaintiff.

Jennifer A. Serafyn, United States Attorney's Office, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Before this Court is a motion of the government to dismiss respondent's Federal Tort Claims Act suit for lack of subject matter jurisdiction on the grounds that the action was not timely filed.

### I. *Factual Background*

On July 22, 2004, the plaintiff, Guy Fisher ("Fisher"), an employee of H.I.M. Mechanical Systems, Inc. ("H.I.M."), suffered a severe electrical shock while servicing the HVAC system at the Brockton Veterans Affairs Medical Center ("Brockton VA"). In the course of his work, Fisher touched a piece of metal in contact with a live electrical wire and sustained serious injury. He alleges that the incident left him permanently disabled and unable to obtain subsequent employment.

After his injury, Fisher retained attorney Jay M. Lipis ("Lipis"). On August 18, 2004, Lipis filed an administrative tort claim with the Department of Veterans Affairs ("DVA") on Fisher's behalf ("the 2004 Presentment"). However, due to alleged threats Fisher received from his employer, he decided to withdraw his claim nine days later, on August 27, 2004, and to discharge Lipis.

On August 31, 2004, the DVA sent a letter to Fisher acknowledging his withdrawal but denying his claim nonetheless. Almost two years later, Fisher retained new counsel and renewed the claim with the DVA on July 11, 2006 ("the 2006 Presentment"). The DVA returned the 2006 Presentment and indicated that a presentment had already been made and denied for the subject incident. Fisher then filed suit in this court under the Federal Tort Claims Act ("FTCA") on December 20, 2006.

### II. *Motion to Dismiss* (Docket No. 3)

The government moves the court to dismiss Fisher's claim for lack of subject matter jurisdiction because the six-month limitation period for Fisher to file suit following agency denial has run. It contends that the period was initiated by either Fisher's withdrawal or the DVA's denial in August, 2004.

Fisher contends that the six-month limitation period never began to run following the 2004 Presentment because: 1) the 2004 Presentment was invalidated due to the failure of Attorney Lipis to provide evidence of legal authority; 2) the 2004 Presentment was withdrawn before it was denied; 3) the DVA's subsequent denial of the 2004 Presentment was invalid and 4) in the alternative, equitable tolling should apply.

### A. Jurisdiction under the FTCA

Under the FTCA, a tort claim against the United States must be brought to the appropriate federal agency within two years of accrual of the claim. 28 U.S.C.

§ 2401(b). If the agency denies that claim, the claimant may file suit in U.S. District Court within six months of the denial. *Id.* If the claimant fails to meet those deadlines, his claim is forever barred. *Id.; de Casenave v. United States,* 991 F.2d 11, 13 (1st Cir.1993).

## B. Validity of the 2004 Presentment

### 1. Legal Standard

■ The First Circuit has adopted a "flexible approach" to the notice requirement, recognizing that "the law does not intend to put up a barrier of technicalities" to defeat a claim. *Santiago–Ramirez v. Secretary of Department of Defense,* 984 F.2d 16, 19 (1st Cir.1993)(quoting *Lopez v. United States,* 758 F.2d 806, 809 (1st Cir. 1985)). Accordingly, "[a]ll that is needed for notice is what the statute specifies". *Santiago–Ramirez,* 984 F.2d at 19. Because evidence of authority is not a statutory requisite, it is not required for a valid notice. *See id.*

### 2. Application

Fisher asserts that the 2004 Presentment was invalid because it failed to provide evidence of the attorney's authority to present the claim on Fisher's behalf. He relies on the regulatory requirement that an individual submitting a claim on behalf of another must include evidence of his authority to do so. *See* 28 C.F.R. § 14.2(a).

■ The alleged lack of evidence of Attorney Lipis's authority to submit Fisher's claim does not make it invalid. Because the presentment met the statutory notice requisites, it was valid. *See Santiago–Ramirez,* 984 F.2d at 19; *Jama v. United States I.N.S.,* 22 F.Supp.2d 353, 368 (D.N.J.1998) (evidence of legal authority "would not seem essential to the minimal notice required"). Moreover, the present-

ment letter did contain sufficient evidence of the attorney's authority in any event. The first paragraph of the 2004 Presentment provided that Attorney Lipis had been retained by Fisher with respect to his claimed injuries. Other courts have held that such a letter is sufficient to establish authority in the notice stage of the claim. *See Graves v. United States Coast Guard,* 692 F.2d 71, 74 (9th Cir.1982); *Jama,* 22 F.Supp.2d at 369 (noting that the submission of a claim by an attorney creates the presumption that he is authorized to act); *55 Motor Ave. Co. v. Liberty Industrial Finishing Corp.,* 885 F.Supp. 410, 417 (E.D.N.Y.1994) (same).

## C. Withdrawal of the 2004 Presentment

Fisher withdrew the 2004 Presentment nine days after it was filed but the government contends, relying on a decision from the Eighth Circuit, that such a withdrawal triggers the six-month limitation period nevertheless. Fisher responds to the contrary.

The case on which the government relies involved the withdrawal of a claim after eight months of inaction by the reviewing agency and pursuit of a judicial remedy. *See Arigo v. United States,* 980 F.2d 1159, 1161 (8th Cir.1992). In *Arigo,* the court held that the withdrawal of the claim triggered the six-month limitation period. That holding was premised on the recognition that under 28 U.S.C. § 2675(a), agency inaction for a period of six months signifies an exhaustion of remedies, permitting the filing of a suit in federal court. *Id.* at 1160; *see also* 28 U.S.C. § 2675(a). The Eighth Circuit was concerned that, upon withdrawal, Arigo would have had "unilateral power to toll § 2401(b)'s limitations period" because he was entitled to pursue a judicial remedy but his withdrawal prevented a final denial by the review-

ing agency and, therefore, the commencement of the six-month period. *Arigo*, 980 F.2d at 1161. Thus, it held that his withdrawal necessarily started the clock running. *Id.*

■ Here, Fisher withdrew his presentment but not to pursue a judicial remedy or avoid determination by the DVA. Instead, he decided after only nine days that he did not wish to pursue a remedy at all. Even if he had wished to pursue a judicial remedy, he would have been unable to do so because he had not exhausted his administrative remedies. *See* 28 U.S.C. § 2675(a). It would be nonsensical to impose a six-month limitation on Fisher to file a suit at a time during which he was not even entitled to file it. Moreover, Fisher did not intend to "strip an agency of its ability to deny" his claim. *See Arigo*, 980 F.2d at 1161. To the contrary, he recognized the DVA's authority to consider his claim by submitting it again in 2006. While Arigo no longer needed the agency to pursue his claim, Fisher did. *See id.*

Because the facts at hand are clearly distinguishable from those in *Arigo*, Fisher's withdrawal of the 2004 Presentment did not precipitate the six-month limitation period. Fisher had no power to toll the limitation period because he was not entitled to pursue a judicial remedy upon withdrawal and the two-year limitation period for pursuit of an administrative remedy remained applicable.

### D. Denial of the 2004 Presentment

Fisher also contends that the six-month limitation period was not implicated by the DVA's denial on August 31, 2004 because his claim had been withdrawn before the DVA's ruling.

■ A fundamental principal of judicial review is that it may be applied only to cases or controversies. U.S. Const. art. III, § 2, cl. 1. The timely withdrawal of a claim removes it from the consideration of the reviewing body. *See Black's Law Dictionary* 1632 (8th ed.2004). Therefore, after a claim is withdrawn, the reviewer is divested of the ability to decide it. *See Arigo*, 980 F.2d at 1161 ("By withdrawing his claim from the VA, Arigo removed the VA's ability to activate § 2401(b)'s six-month limitations period by denying the claim.").

■ These fundamental principals seem equally applicable to the DVA as a reviewing body. Because Fisher withdrew his claim before it was adjudicated by the DVA, that agency could no longer deny it. Therefore, the 2004 Presentment was never rightly denied and the six-month limitation period did not commence upon the DVA's post-withdrawal notice to Fisher.

### E. Equitable Tolling

Finally, Fisher contends that, in the alternative, he is entitled to equitable tolling of the statute of limitations. It is unnecessary for this Court to consider that argument because of its resolution of the applicable limitation period.

### F. The 2006 Presentment

■ Upon receipt of the 2006 Presentment, the DVA returned it to Fisher, noting that the claim had already been denied. This Court interprets that response as constituting a final denial in satisfaction of 28 U.S.C. § 2401. Because Fisher filed the instant action within six months of that denial, he is entitled to pursue a judicial remedy.

### ORDER

In accordance with the foregoing, the government's motion to dismiss (Docket No. 3) is **DENIED**.

**So ordered.**