# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2022

Lyle W. Cayce
Clerk

No. 22-10317
Summary Calendar

───────────

Frank Allen Lonero,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

───────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-3384

───────────

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, Frank Lonero, challenges the dismissal of his Federal Tort Claims Act ("FTCA") suit against the United States for the negligence of a Bureau of Prisons ("BOP") officer. The district court held that Plaintiff's action was time-barred and that neither the doctrine of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10317

equitable tolling nor equitable estoppel applied to extend the time to file suit. We AFFIRM.

## BACKGROUND

On July 15, 2016, while Plaintiff was a pre-trial detainee in the custody of BOP, he was severely beaten by fellow inmates. Plaintiff contends that the beating occurred after other inmates learned that he had informed a prison official that inmates were illegally making wine inside the prison. Plaintiff alleged that the BOP officer in question carelessly disclosed to others that Plaintiff had reported the illegal activity.

On October 30, 2017, Plaintiff submitted his FTCA claim for damages to the BOP and provided his attorney's P.O. Box address on the claim form. The BOP's Office of Regional Counsel acknowledged receipt of the claim on November 3, 2017. Almost a year later, on October 25, 2018, Plaintiff's counsel contacted the Regional Counsel, requesting an update on the status of Plaintiff's claim. The Regional Counsel responded the same day, stating that he "hope[d] to have a better feel for the expected adjudication date in the next week or so" and that he "underst[oo]d the adjudication was overdue."

Approximately three months later, on January 30, 2019, the BOP denied Plaintiff's claim and sent the denial letter by certified mail to Plaintiff's counsel at the P.O. Box address provided on Plaintiff's claim form. The letter advised that if Plaintiff wished to challenge the determination of the claim, he had six months from the date of the mailing of the communication to file a suit in federal district court.

Postal Service records indicate that the letter was available for pick up at the local Post Office from February 2, 2019, until February 20, 2019, after which it was deemed unclaimed and returned to the sender. The Regional Counsel's Office received the returned letter on or around March 20, 2019.

2

A BOP employee confirmed that the letter had been sent to the address provided on Plaintiff's claim form and checked Plaintiff's counsel's address on his State Bar of Texas profile to confirm that the address provided was correct. The employee also called the phone number provided by Plaintiff's counsel but received a "robo generated" voicemail saying the caller was unavailable.

On June 23, 2020, approximately twenty months after being informed by the Regional Counsel that adjudication of the claim "was overdue" and that the expected date of adjudication would be known in the "next week or so," Plaintiff's counsel contacted the Regional Counsel asking about the status of the claim and stating he "ha[d] not received anything." Three days later, the Regional Counsel responded that the claim had been adjudicated on January 30, 2019, but that the denial letter had been "returned as undeliverable." He attached a copy of the letter denying the claim and the Postal Service tracking information showing that the letter had been sent by certified mail to the P.O. Box provided, that the letter was unclaimed but available for pickup from February 2 through February 20, 2019, and that it was returned to the BOP. Plaintiff's counsel contacted the Postal Service about delivery of the letter, and the Postal Service informed him that the item "was likely 'mishandled by the local Post Office.'"

On November 12, 2020, Plaintiff filed suit against the United States under the FTCA, alleging that a BOP officer carelessly disclosed to others that Plaintiff had reported another inmate was making wine inside the prison. Plaintiff stated that although the BOP denied his claim on January 30, 2019, his counsel did not receive the letter or have actual notice until June 26, 2020. Plaintiff further alleged that the P.O. Box address the letter was sent to had been used by his counsel during that time, had been in existence since 2006, but that the Postal Service indicated that the letter was "unclaimed" and "unable to forward." Plaintiff alleged that according to the Postal Service,

the letter was likely "mishandled by the local Post Office." Plaintiff asserted that "any applicable statute of limitations period should be tolled based on equitable tolling, equitable estoppel and/or the discovery rule."

Defendant filed a motion for summary judgment, arguing that the suit was barred by the FTCA statute of limitations and that Plaintiff was not entitled to equitable tolling, equitable estoppel, or the discovery rule. The district court granted the motion. Plaintiff timely filed a notice of appeal.

## DISCUSSION

We review the grant of a motion for summary judgment de novo. The FTCA acts as a limited waiver of sovereign immunity and, with some exceptions, provides that the United States is liable in tort for certain damages caused by the negligence of a Government employee "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Although substantive state law determines whether a cause of action exists, federal law governs the statute of limitations for asserting a claim. *Johnston v. United States*, 85 F.3d 217, 218-19 (5th Cir. 1996). Specifically, the FTCA provides that a tort claim against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues," and an action must be filed in federal district court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

This Court requires a strict application of the six-month statute of limitations. *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975). Thus, the six-month statute begins to run at the time the notice of the final administrative decision is mailed, regardless of whether the claimant actually receives the notice. *Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2012) (noting plain language of § 2401(b) requires that statute of limitations begins

when notice is *mailed*, not when it is *received*).[1]  Pursuant to 28 U.S.C. § 2675(a), however, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant anytime thereafter, be deemed a final denial of the claim," and the claimant may file his action in federal district court. *McCallister v. United States*, 925 F.2d 841, 844 (5th Cir. 1991).

In this matter, on January 30, 2019, the BOP sent by certified mail to Plaintiff's counsel the letter denying Plaintiff's administrative claim. Plaintiff filed his complaint in federal court more than twenty-one months later, on November 12, 2020.  Because Plaintiff did not file his action in federal court within six months of the mailing of the denial of his administrative claim, Plaintiff's FTCA action is time-barred under the plain language of the statute.  28 U.S.C. § 2401(b).

Plaintiff contends that his untimely filing should be excused by the doctrine of equitable tolling, which we have held must be sparingly applied. *Ellis v. U.S. Dep't of Veterans Affairs*, 721 F. App'x. 395, 397 (5th Cir. 2018). The party seeking its application has the burden to provide justification for doing so.  *Id.*  A plaintiff is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).

Plaintiff argues that equitable tolling should be applied because his counsel did not have notice of the denial of his administrative claim until June 26, 2020, the date counsel received a copy of the BOP's January 30,

---

[1] Although an unpublished opinion issued on or after January 1, 1996, is generally not controlling precedent, it may be considered as persuasive authority.  *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

2019, denial letter. Plaintiff argues that the email from a Postal Service employee indicating that the denial letter mailed to Plaintiff's counsel on January 30, 2019, "may have been mishandled by the local Post Office" should excuse his late filing.

Even assuming some mishandling of the mail by the Postal Service, that does not satisfy Plaintiff's obligation to demonstrate that he pursued his rights diligently or that some extraordinary circumstance stood in his way and prevented timely filing. It is particularly telling that Plaintiff waited twenty months to inquire about the status of his claim after being advised by BOP that adjudication of the claim was "overdue" and that the date for its adjudication would be known soon. Moreover, under § 2675(a), Plaintiff was entitled to deem his administrative claim denied six months after he submitted his claim to the BOP and could have filed an action in federal district court thereafter. Equitable tolling does not apply "where the claimant failed to exercise due diligence in preserving his legal rights" or the failure to timely file is attributable to "what is at best a garden variety claim of excusable neglect." *Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999) (internal quotation marks and citation omitted). We conclude that Plaintiff has not satisfied the strict standard established by this Court for application of the doctrine of equitable tolling, and we find it inapplicable.

Plaintiff also argues that equitable estoppel applies to excuse his late filing. To establish equitable estoppel, the petitioner "must prove affirmative misconduct by the [G]overnment in addition to the four traditional elements of the doctrine." *Linkous v. United States*, 142 F.3d 271, 277 (5th Cir. 1998) (citations omitted). Notably, "[e]quitable estoppel is rarely valid against the [g]overnment." *Id.* (citation omitted).

Plaintiff argues that the conduct of the Government was misleading because the Government knew that Plaintiff's counsel and BOP's Regional

No. 22-10317

Counsel regularly communicated by way of phone and email. But administrative claim denials are required by statute to be "in writing and sent by certified or registered mail." *See* § 2675(a). Because of this statutory requirement, it was not reasonable to assume that the denial would be sent by email. And Plaintiff produced no evidence that BOP represented that it would notify Plaintiff's counsel of the adjudication by email.[2]

For these reasons and those advanced in the district court's careful January 28, 2022, Order, we AFFIRM the district court's judgment.

AFFIRMED.

---

[2] Plaintiff also argues that the discovery rule should apply to this case but does not support that argument with any relevant authorities. "A cause of action under federal law accrues within the meaning of § 2401(b) when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (internal quotation marks and citation omitted). This was not a latent injury, and the discovery rule has no application.