William Francis SMITH, Plaintiff-Appellant,

v.

UNITED STATES PAROLE COMMISSION and United States Attorney General, Defendants-Appellees.

No. 82-8778.

United States Court of Appeals, Eleventh Circuit.

Dec. 15, 1983.

William Francis Smith, pro se.

Myles Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Before HILL, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant William Francis Smith, a habeas corpus petitioner proceeding *pro se,* applies for reconsideration of this court's dismissal of his appeal. We grant his motion for reconsideration and vacate the order of dismissal.

Final judgment was entered on September 29, 1982. A timely notice of appeal was filed on October 14, 1982. On October 12, 1982, appellant served a "motion for rehearing" which was expressly made pursuant to Fed.R.Civ.P. 60(b)(6). The district court denied the "motion for rehearing" on November 24, 1982.

The government contends that Smith's "motion for rehearing," although labeled a Rule 60(b)(6) motion, was in substance a Fed.R.Civ.P. 59(e) motion to alter or amend. The government argues that the motion should be treated as a timely Rule 59(e) motion,[1] thus triggering Fed.R.App.P. 4(a)(4) which provides as follows:

> A notice of appeal filed before the disposition of any of the above motions[2] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

Because the October 14 notice of appeal would be rendered ineffective by the pendency of a timely Rule 59(e) motion, the government contends that Smith's failure to file a *new* notice of appeal after the November 24 order deprives this court of jurisdiction over his case. *See Williams v.*

---

**1.** Fed.R.Civ.P. 59(e) provides that a motion to alter or amend is timely if *served* not later than 10 days after entry of judgment. Judgment was entered on September 29, 1982. Although the tenth day fell on October 9, 1982, that was a Saturday, and the following Monday was Columbus Day, a legal holiday, and thus the last day for serving the motion was Tuesday, October 12, 1982. Fed.R.Civ.P. (6)(a). The record discloses that the motion was served on October 12, 1982, by placing same in the mail on that date. "Service by mail is completed upon mailing." Fed.R.Civ.P. 5(b). Thus, appellant's October 12, 1982, motion was timely.

**2.** The term "above motions" includes a Rule 59 motion to alter or amend, but do not include a Rule 60(b) motion.

*Bolger,* 633 F.2d 410, 412–13 (5th Cir.1980).[3] We therefore address whether the government can recharacterize Smith's "motion for reconsideration" so as to foreclose his appeal.

We recognize that, in the context of motions under Rules 59 and 60, a party's label is not binding upon the court. If scrutiny of a post-trial motion suggests that it should be treated in a manner different than the label used by the party, the court may discard an inappropriate label to render a decision based upon the motion's substance. *See, e.g., Glick v. White Motor Co.,* 458 F.2d 1287 (3d Cir.1972) (untimely Rule 59 motion entertained by court under Rule 60); *Southern States Equipment Corp. v. Usco Power Equip. Corp.,* 209 F.2d 111, 116–17 (5th Cir.1953) ("Without dealing with the various ramifications and procedural complexities of the problem at great length and considering it only in the light of the requirement of Rule 8(f), F.R.C.P. that 'all pleadings shall be so construed as to do substantial justice,' we hold that appellant's motion filed June 19, 1982, while purporting to be a motion under Rule 60(a), will for present purposes be treated as a motion to alter or amend the judgment under Rule 59(e) ..."). However, while courts often have pierced the label attached to a motion when the interests of justice warranted consideration of its substance, we are aware of no case that requires an appellate court to do so. We decline to do so on the facts of this case, on the ground that such a judicial recharacterization of the Rule 60 motion would contravene the principle of "substantial justice" that we are bound to respect. Fed.R.Civ.P. 8(f).

Smith, a pro se litigant, apparently familiarized himself with the Federal Rules, and in any event literally complied with them. Aware that a motion under Rule 59 would void his timely notice of appeal, he instead filed only a Rule 60 motion, which would not have that effect. The district court, in dismissing the motion, said nothing to apprise him that it was being considered under Rule 59.[4] Under such circumstances, we treat the district court's dismissal of Smith's motion simply as a rejection of a claim under Rule 60, and not as a rejection of a recharacterized Rule 59 motion. Therefore, a new notice of appeal following that disposition was not required.

The government seeks support from *United States v. One Remington Twelve Gauge Shotgun,* 709 F.2d 1468 (11th Cir. 1983). In that forfeiture action, judgment against the government was entered on January 19, 1982. On March 5, 1982, the government filed a "Motion for Relief from Judgment and for Reconsideration," labeling the motion as one pursuant to Rule 60(b). The district court reconsidered the matter and adhered to its previous interpretation of the relevant statutes, but on June 25, 1982, it granted the request for reconsideration, vacated the January 19, 1982 judgment, and entered a new judgment against the government on the same ground. The government filed its first and only notice of appeal on August 20, 1982, within 60 days after the entry of the new judgment on June 25, 1982, but more than 60 days after the original judgment. This court held that the district court was without jurisdiction to vacate the January 19, 1982, judgment and enter a new judgment. The government's motion, although labeled a Rule 60(b) motion, was in substance a Rule 59 motion to alter or amend, but could not toll the time for taking an appeal, be-

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**4.** Case law suggests that a motion alleging error by the district court in its interpretation of dispositive legal principles—which was the thrust of Smith's motion—is cognizable under Rule 60. *Oliver v. Monsanto,* 487 F.2d 514 (5th Cir.1973); *Meadows v. Cohen,* 409 F.2d 750 (5th Cir.1969); *McDowell v. Celebreeze,* 310 F.2d 43 (5th Cir.1962). We express no opinion on the extent of the possible overlap between the Rule 59 and Rule 60 grounds, *see* 7 Moore, *Federal Practice,* ¶ 160.22(3) (2d ed. 1982); we note only that the ground asserted in Smith's motion was at least arguably cognizable under Rule 60.

cause it was not filed within 10 days after entry of judgment. Under these circumstances, the time for filing a notice of appeal ran from the original January 19, 1982, entry of judgment, and accordingly the August 20, 1982, notice of appeal was untimely, since Fed.R.App.P. 4(a) requires a notice of appeal to be filed within 60 days when the United States is a party.

We conclude that the *Remington* case does not control the instant case. It is apparent that the appellant in *Remington* was seeking to appeal the substance of the January 19, 1982 judgment,[5] and that no valid appeal from that judgment was available because the notice of appeal was not filed within 60 days and because there was no timely Rule 59 motion to toll the running of the time for appeal. *Remington* held only that a district court cannot, under the guise of a Rule 60(b) motion, and after the time for filing a Rule 59 motion to alter or amend, extend the time for filing a notice of appeal from a final judgment by vacating that judgment and entering a new judgment. A contrary ruling in *Remington* would have undermined the integrity of the time limitations for filing appeals, and would have contravened the express language of Rule 60(b): "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Although the *Remington* court indicated a willingness to disregard the Rule 60 label and treat the motion as, in substance, a Rule 59 motion, nothing in the case suggests that it is mandatory to do so.

For the foregoing reasons, our previous order dismissing this appeal is

VACATED, and the appeal is REINSTATED.

---

**5.** The law is well established that a valid appeal would be available from the June 25, 1982 judgment on the ground that the district court abused its discretion in declining to grant relief on the basis of newly discovered evidence or some other Rule 60 ground. *Hand v. United States*, 441 F.2d 529, 531 (5th Cir.1971). However, it is apparent that the *Remington* appellant was not seeking review of the June 25 judgment, but rather was seeking to appeal the January 19, 1982 judgment.