[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14117
Non-Argument Calendar

_____

D. C. Docket Nos. 98-00256-CV-J-20
95-00007-CR-J-2

CALVIN SOLOMON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 26, 2008)**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Calvin Solomon, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his motion titled "Request for Correction of Clear Error for the Court's Determination That His [28 U.S.C.] § 2255 Motion was Filed Untimely, Request for Equitable Tolling and Adjudication on the Merits of Claims Presented," as a successive § 2255 motion. He argues that he only sought to correct the district court's error in determining that his initial § 2255 motion, which the district court denied in 1998, was untimely, and he also sought consideration of whether he had adequately alleged excusable neglect to overcome the time-bar. He argues that his motion was not a successive § 2255 motion and that he established his entitlement to equitable tolling. We granted a certificate of appealability on the following issue: "Whether the district court erred by treating Solomon's 'Request for Correction of Clear Error for the Court's Determination That His [28 U.S.C.] § 2255 Motion was Filed Untimely, Request for Equitable Tolling and Adjudication on the Merits of Claims Presented,' as an impermissibly successive § 2255 motion to vacate pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 530-33, 125 S. Ct. 2641, 2647-48, 162 L. Ed. 2d 480 (2005)?"

We review *de novo* a district court's determination that a motion under Rule 60(b) was a second or successive habeas petition. *See Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (§ 2254 petition). Generally, principles

2

developed in § 2254 cases also apply to § 2255 motions. *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We "may affirm on any ground supported by the record." *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

Rule 60 allows a party to request relief from a final judgment for any reason that justifies relief, but, at the latest, the motion must be made within a reasonable time. Fed.R.Civ.P. 60(b)(6), (c)(1). When determining if a motion was made "within a reasonable time," a court should consider the circumstances of the case, including whether the parties were prejudiced by the delay and whether the movant has presented a good reason for failing to take action sooner. *BUC Int'l Corp. v. International Yacht Council Ltd.*, 517 F.3d 1271, 1275, 1276 (11th Cir. 2008) (holding that a seven-month delay in filing a Rule 60(b) motion was reasonable where the party had difficulty discovering the terms of the confidential settlement that underlay the rationale for seeking Rule 60(b) relief and also had informed the district court of its intention to file a Rule 60(b) motion within two months of dismissal of the case). In the context of motions under Rule 60, a party's label is not binding on the court, and it may discard an inappropriate label to render a

3

decision based on the motion's substance where the interests of justice warrant. *Smith v. United States Parole Comm'n*, 721 F.2d 346, 348 (11th Cir. 1983).

Rule 60(b) motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either: (1) raise a new ground for relief, or (2) attack a federal court's previous resolution of a claim on the merits. *Gonzalez v. Crosby*, 545 U.S. at 530-32, 125 S. Ct. at 2646 n.3, 2647-48. Rule 60(b) may, however, be used to assert that a federal court's previous ruling precluding a merits determination, such as a statute-of-limitations bar, was in error. *Id.* at 532, 125 S. Ct. at 2648 n.4.

Although not titled a Rule 60(b) motion, we conclude from the record that Solomon's motion was a proper request under Rule 60(b) because he was requesting relief from the § 2255 judgment. We also conclude that the district court erred in determining that Solomon's reconsideration motion was a successive § 2255 motion as Solomon did not raise a new ground for relief or attack the merits of the previous decision. By waiting nine years, however, Solomon failed to file his motion for relief within a reasonable time, and he did not provide any explanation for the delay. Accordingly, we affirm the district court's judgment of dismissal.

**AFFIRMED.**

4