[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11777
Non-Argument Calendar
_____

D.C. Docket Nos. 2:10-cv-14276-DLG,
2:09-cr-14033-DLG-1

JUSTIN DANIEL OSBORNE,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 12, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Justin Osborne, a federal prisoner proceeding *pro se*, appeals from the denial of his motion for reconsideration of the denial of his 28 U.S.C. § 2255 motion. In his motion and on appeal, he argues that he was abandoned by his attorney, who was disbarred during the time available to appeal his underlying criminal case, and that this extraordinary circumstance entitles him to file an out-of-time direct appeal in his criminal case on those claims that the district court concluded were procedurally barred in his § 2255 proceedings.

## I.  Background

Mr. Osborne is currently serving a 120 month-sentence of imprisonment following his conviction entered on his guilty plea to one count of using the internet to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). He did not appeal his sentence or conviction, but filed a timely *pro se* motion under § 2255 in seeking to set aside his sentence on several grounds, including multiple claims of ineffective assistance of counsel, government misconduct, and illegal arrest. The district court adopted the magistrate judge's report and recommendation denying all of the claims, which pertinent to this appeal concluded that Mr. Osborne's claims of government misconduct and illegal arrest were procedurally barred because they could have been, but were not, raised on direct appeal. Alternatively, the magistrate judge concluded that Mr. Osborne waived those claims by entering a knowing and voluntary plea. Mr. Osborne's

2

motion for reconsideration of that order was denied and Mr. Osborne did not appeal.

Several months later, Mr. Osborne filed a document entitled "Motion for Permission to file Subsequent 2255 or to file 2255 Rule 60(b) Motion," in which he argued that he was deprived of his Sixth Amendment right to counsel due to his attorney's disbarment, and that the district court lacked jurisdiction to prosecute him. As relief, Mr. Osborne sought equitable tolling of the criminal appeal period and permission to file an out-of-time appeal. The district court denied the motion, concluding that the court of appeals and not the district court has authority to permit a subsequent § 2255 motion and that Mr. Osborne had failed to present sufficient grounds for Rule 60(b) relief.

Mr. Osborne subsequently filed the motion at issue in this appeal, purporting to be for reconsideration of the district court's order denying him an out-of-time appeal. He argued for the first time that he had cause, *i.e.*, his attorney's abandonment of him during the criminal appeal period, for his procedural default of the defaulted claims raised in his original § 2255 motion. He argued that his attorney's abandonment constituted an "extraordinary circumstance" that justified equitable tolling of the appeal period. The district court denied the motion, stating that it was doing so for the reasons it had denied Mr. Osborne's previous motions. When Mr. Osborne filed his notice of appeal of this order, the district court granted

3

a certificate of appealability on the denial of Mr. Osborne's request for an out-of-time appeal.

## II.  Discussion

As an initial matter, the motion at issue in this appeal was one of several in a line of motions filed by Mr. Osborne in his § 2255 proceeding, which is governed by the statutory restrictions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  As a result, we must determine the appropriate construction of Mr. Osborne's motion.  In doing so, we keep in mind that because Mr. Osborne is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Although Mr. Osborne titled his motion as a "Motion for Reconsideration," upon careful review of its substance we believe that it is best construed as a Rule 60(b)(6) motion seeking relief from the district court's denial of Mr. Osborne's original § 2255 motion.  *See Smith v. U.S. Parole Comm'n*, 721 F.2d 346, 348 (11th Cir. 1983) ("If scrutiny of a post-trial motion suggests that it should be treated in a manner different than the label used by the party, the court may discard an inappropriate label to render a decision based upon the motion's substance."). Mr. Osborne succinctly states in his motion that it is his intention to "explain [his] cause for procedural default as it pertains to filing a Notice of Appeal, by clearly

4

showing, through the record, that [Mr. Osborne's attorney] was in fact disbarred, and that this disbarment qualifies as attorney abandonment.  As such, this abandonment caused the procedural default."  He specifically requested the district court to consider this claim "separate from its original decision on [his attorney's] effectiveness."  And he related his circumstances to the two leading Supreme Court cases, *Holland v. Florida*, 560 U.S. 631 (2010) and *Maples v. Thomas*, 132 S. Ct. 912 (2012), regarding attorney gross negligence or abandonment as the extraordinary circumstance justifying equitable tolling to overcome procedural default in federal habeas proceedings.  Thus, Mr. Osborne's arguments are properly deemed as being addressed to the magistrate judge's report and recommendation and district court's order adopting those recommendations that Mr. Osborne was procedurally barred from raising his claims of illegal arrest and government misconduct in his original § 2255 motion.

Moreover, we construe Mr. Osborne's motion as a Rule 60(b)(6) motion and not as a second or successive § 2255 motion because it is not attacking "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  As the Supreme Court recognized in *Gonzalez*, "[b]ecause petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas

5

petition." 545 U.S. at 535-36.   Likewise, Mr. Osborne here is challenging the district court's ruling on the procedural bar to raising his constitutional claims of illegal arrest and government misconduct and not any merits ruling.  "A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment [as a successive habeas petition], and can therefore be ruled upon by the District Court without [satisfying the statutory requirements for filing a second or successive habeas petition]." *Id.* at 538.

"We review the denial of a motion for relief from judgment under Rule 60(b) for an abuse of discretion."  *Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013).  Rule 60(b)(6) allows for relief from any order for any reason justifying relief and must be filed in a reasonable time.  *See* Fed. R. Civ. P. 60(b)(6).  A petitioner who seeks relief pursuant to Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535; *Howell*, 730 F.3d at 1260 (same).

We note, however, that Mr. Osborne's arguments in his motion and on appeal primarily address not the basis for reopening his § 2255 proceedings under Rule 60(b)(6), but rather the "cause" to overcome the district court's ruling that his claims of illegal arrest and government misconduct were procedurally barred from federal review.  It is well-established that in the case of procedural bar in federal

6

habeas proceedings that "review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Here, Mr. Osborne argues that his attorney's abandonment via disbarment during the period of time available for filing the direct appeal in his criminal case establishes the necessary element of "cause" to overcome the procedural bar. Moreover, he correctly notes that the Supreme Court recently held, in *Maples*, 132 S. Ct. at 927, that attorney abandonment is an extraordinary circumstance that is sufficient cause to excuse a procedural bar to federal review. Thus, if we were to decide that the circumstances involving the disbarment of Mr. Osborne's attorney constitute abandonment under *Maples*, Mr. Osborne would be able to establish the "cause" element to overcome the procedural bar in his federal habeas proceedings.

However, to obtain relief under Rule 60(b)(6), Mr. Osborne first must show that some "extraordinary circumstance" justifies the reopening of his original § 2255 motion so that a court can even reach the question of whether he can establish cause and prejudice to overcome the procedural bar to federal review of his claims. Construing his *pro se* motion and appellate brief liberally, we find that Mr. Osborne's significant reliance on *Maples*, which was not decided until one year after the final ruling on his original § 2255 motion, is an argument that the change in law effectuated by the Supreme Court's decision in *Maples* is the extraordinary

7

circumstance justifying the reopening of his original § 2255 motion so that he can try to show cause and prejudice to overcome the procedural bar. This argument, however, is precluded by binding Supreme Court and circuit precedent. *See e.g., Gonzalez*, 545 U.S. at 536 (holding that a "change in the interpretation of the AEDPA statute of limitations" is not an extraordinary circumstance justifying relief under Rule 60(b)(6)); *Howell*, 730 F.3d 1260-61 (applying *Gonzalez* to conclude that *Holland*, which altered the interpretation of whether attorney gross negligence could establish the basis for equitable tolling to overcome AEDPA's statute of limitations, is not an extraordinary circumstance for Rule 60(b)(6) relief). We see no meaningful distinction between the arguments raised, but rejected, in *Gonzalez* and *Howell* of whether a change in the decisional law affecting the interpretation of AEDPA's statute of limitations justifies Rule 60(b)(6) relief and the argument in this case that the change in law in *Maples,* which held that attorney abandonment constitutes "cause" to overcome the procedural bar doctrine of federal habeas review, is an extraordinary circumstance meriting Rule 60(b)(6) relief.

Accordingly, we cannot say that the district court abused its discretion in denying Mr. Osborne's motion and thereby affirm its denial of his request for an out-of-time direct appeal.

**AFFIRMED.**

8