[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10518
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00711-WBH


VALERIE JEAN WILLIAMS,

Plaintiff-Appellant,

versus

GRADY MEMORIAL HOSPITAL,
SOUTH FULTON BEHAVIORAL HEALTH,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 29, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Valerie Jean Williams, proceeding *pro se*, appeals the district court's denial of her motion seeking reconsideration of the district court's previous order dismissing her complaint for lack of subject matter jurisdiction. After careful consideration and review, we affirm the district court.

## I.    FACTUAL BACKGROUND

Ms. Williams originally filed a civil complaint against Grady Memorial Hospital and South Fulton Behavioral Health arising out of their acts or omissions as her health care providers. The district court *sua sponte* dismissed the complaint for lack of subject matter jurisdiction. The court explained that there was no diversity jurisdiction because all the parties to the action were citizens of Georgia. And the court determined that there was no federal question jurisdiction because Ms. Williams failed to allege facts that would give rise to a civil rights claim or any other federal claim.[1]

Ms. Williams appealed the district court's decision. We dismissed the appeal for want of prosecution after she failed to pay the filing fee. Shortly after the appeal was dismissed, Ms. Williams filed a motion in the district court seeking

---

[1] The district court further noted that Ms. Williams's factual allegations could potentially support state law claims for malpractice and assault. But the court explained that it lacked subject matter jurisdiction to consider such claims and suggested that Ms. Williams pursue any such claims in state court.

2

to reopen her case.  In her motion, Ms. Williams argued that the statute of limitations had not expired, identifying when she had alerted various state and federal agencies to her claims.  But she did not address why the district court had subject matter jurisdiction.  The district court denied the motion to reopen, again explaining that it lacked subject matter jurisdiction to hear her case.  This is Ms. Wiliams's appeal of the denial of her motion to reopen.

## II.    STANDARD OF REVIEW

We review the denial of a motion seeking relief from a final judgment, order or proceeding under Federal Rule of Civil Procedure 60(b) for abuse of discretion.[2] *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

## III.    LEGAL ANALYSIS

Rule 60(b) provides that a party may be relieved from a judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered earlier with reasonable diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed, or vacated; or (6) any other reason justifying relief from the operation of the

---

[2] Although Ms. Williams labeled her motion as a motion to reopen, we construe it as a Rule 60(b) motion because she sought relief from the district court's final judgment.  *See Smith v. U.S. Parole Comm'n*, 721 F.2d 346, 348 (11th Cir. 1983) (recognizing that courts are not bound by labels that parties give their post-trial motions and should instead look to the motions' substance).

judgment. Fed. R. Civ. P. 60(b). The purpose of a Rule 60(b) motion is to give the district court an opportunity to "correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Carter ex rel. Carter v. United States*, 780 F.2d 925, 928 (11th Cir. 1986) (internal quotation marks omitted). Relief under Rule 60(b) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (internal quotation marks omitted). The district court previously determined that it lacked subject matter jurisdiction because there was neither diversity nor federal question jurisdiction. In her motion, Ms. Williams did not address subject matter jurisdiction. The district court therefore did not abuse its discretion in denying Ms. Williams's motion to reopen, construed as a Rule 60(b) motion.

## IV.   CONCLUSION

For the reasons set forth above, we affirm the district court's denial of Ms. Williams's motion to reopen.

**AFFIRMED.**